Filed 2/23/16  P. v. Sary CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEO TONY SARY,<br><br>    Defendant and Appellant. | H042300<br>(Santa Clara County<br>Super. Ct. Nos. C1477481,<br>C1482139) |

Defendant Keo Tony Sary was sentenced consistent with his plea agreement to four years in state prison for unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)) and the unauthorized use of another person's identifying information (Pen. Code, § 530.5).[1]  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf and received no response.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441.)  We include here a brief description of the facts and procedural history of the case, and the conviction and punishment imposed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)  Finding no arguable issue, we will affirm the judgment.

---

[1]  Unspecified statutory references are to the Penal Code.

# I.  TRIAL COURT PROCEEDINGS

This factual summary is based on police reports.  In December 2013, San Jose police officers observed defendant ride a bicycle through an intersection against a "do not walk" symbol.  An officer pulled his unmarked police car alongside defendant, identified himself as police officer, and asked if he could talk to defendant.  Defendant agreed and volunteered that he was on parole.  With his partner, the officer verified defendant's parole status and conducted a parole search.  Inside defendant's backpack the officers found Internal Revenue Service documents with two names, an address, and a social security number that did not match defendant's information.  Defendant claimed he had received the tax documents from a friend he was helping with taxes, but defendant stated he did not know the person listed on the documents.  Defendant refused to provide contact information for the friend.  Officers also found a credit card in defendant's wallet with the name of someone other than defendant, which defendant claimed he had found on the ground.  Defendant was charged in case No. C1482139 with unauthorized use of another person's identifying information (§ 530.5); receiving stolen property (§ 496, subd. (a)); and appropriating lost property (§§ 485–488).  That complaint also alleged one prior serious or violent felony conviction (§ 667, subds. (b)–(i)) and one prior prison term (§ 667.5, subd. (b)).

In February 2014, San Jose Police Department patrol officers ran a records check on a parked car and discovered it had been reported stolen.[2]  The officers conducted an inventory search of the car and found a backpack containing a bail agreement for defendant and two checks with the payee names washed off.  Officers also found the following items belonging or issued to individuals other than defendant:  an insurance

---

[2]  Defendant's custody status between December 2013 and February 2014 is unclear from the record.  The complaint relating to the December 2013 conduct (case No. C1482139) was not filed until after the complaint relating to the February 2014 conduct (case No. C1477481).

check; mail; a paper interim driver's license; personal checks; and two bank cards. The officers closed the car and watched it until they saw defendant approach the car and open the driver's side back door. A plainclothes officer confronted defendant and announced he was a police officer. Defendant initially froze and then fled. The officer chased and tackled defendant, who resisted until additional officers arrived and helped to subdue him. A key found on the ground where defendant was tackled worked in the car's ignition.

After being read his *Miranda*[3] rights, defendant stated he had smoked methamphetamine 20-40 minutes before his arrest. An officer also observed objective symptoms of methamphetamine use, including sweating and a pulse of 108 beats per minute. Defendant claimed the car was a gift from his girlfriend but that he did not know where she lived. Defendant admitted the backpack belonged to him and claimed he had found all of the items in it. Defendant was arrested and charged in case No. C1477481 with unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)); buying or receiving a stolen vehicle (§ 496d); concealing or withholding stolen property (§ 496, subd. (a)); being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); and resisting arrest (§ 148, subd. (a)(1)). That complaint also alleged one prior serious or violent felony conviction (§ 667, subds. (b)–(i)); one prior prison term (§ 667.5, subd. (b)); and an on-bail enhancement (§ 12022.1) based on the December 2013 arrest.

The two cases were resolved under a global plea agreement under which defendant pleaded no contest to all charges and admitted the section 667 and section 667.5 enhancements in exchange for an indicated sentence of four years in state prison, dismissal of the section 12022.1 enhancement, and the opportunity to file a *Romero*[4] motion. After a hearing, the trial court denied defendant's *Romero* motion and sentenced

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

him to four years in state prison, consisting of a principal 32-month term for unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)) in case No. C1477481 (16-month low term, doubled under section 667, subd. (e)(1)); and 16 months consecutive for unauthorized use of another person's identifying information (§ 530.5) in case No. C1482139 (one-third the two-year middle term, doubled under section 667, subd. (e)(1)).

In case No. C1477481, the court imposed and stayed a 32-month term for the section 496d count (§ 654); imposed a concurrent six-month county jail sentence for the three misdemeanors (§ 496, subd. (a);[5] § 148; Health & Saf. Code, § 11550, subd. (a)), which was deemed served; struck the section 667.5, subdivision (b) enhancement (§ 1385); and dismissed the on-bail enhancement (§ 12022.1). The trial court also ordered that defendant pay a $4 emergency medical air transportation fee (Gov. Code, § 76000.10); a $300 restitution fine (§ 1202.4, subd. (b)(1)) with an additional $300 parole revocation fine which was suspended pending successful completion of parole (§ 1202.45); a $120 court operations assessment (§ 1465.8); a $90 court facilities funding assessment (Gov. Code, § 70373); a $129.75 criminal justice administration fee (Gov. Code, §§ 29550–29550.3); and general restitution to the City of San Jose. Defendant received 740 days of presentence credit based on 370 actual custody days plus 370 days conduct credit (§ 4019).

In case No. C1482139, the court imposed and stayed (§ 654) a six-month sentence for the two misdemeanors (§§ 496, subd. (a), 485–488); and struck the section 667.5, subdivision (b) enhancement (§ 1385). The trial court also ordered that defendant pay a $280 restitution fine (§ 1202.4, subd. (b)(1)) with an additional $280 parole revocation fine which was suspended pending successful completion of parole (§ 1202.45); an

---

[5] Though charged as a felony in both cases, the trial court reduced the section 496, subdivision (a) counts to misdemeanors under Proposition 47. (Proposition 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).)

$80 court operations assessment (§ 1465.8); a $60 court facilities funding assessment (Gov. Code, § 70373);[6] a $129.75 criminal justice administration fee (Gov. Code, §§ 29550–29550.3); and general restitution to the City of San Jose. Defendant received four days of presentence credit based on two actual custody days plus two days conduct credit (§ 4019).

We have reviewed the entire record and find no arguable issue.

## II. DISPOSITION

The judgment is affirmed.

---

[6] It appears that in each case the trial court "waived" the mandatory operations and facilities assessments as to some misdemeanor counts. (See *People v. Woods* (2010) 191 Cal.App.4th 269, 273–274.) We need not address the trial court's authority for the purported waiver in the context of our review under *People v. Wende, infra,* as the court's action inured to defendant's benefit.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.