Filed 5/4/21  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090953 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE019389) |
| v. | |
| SHERMAN MOORE, | |
| Defendant and Appellant. | |

Defendant Sherman Moore pled no contest to assault with a firearm, along with a firearm enhancement.  The trial court sentenced him to a stipulated 14-year aggregate term.  On appeal, defendant contends the trial court (1) abused its discretion in refusing to strike his prior strike, and (2) erred in converting a restitution fine to custody time and in failing to orally impose several mandatory fines and fees.

We find some merit in the second contention.  We will strike the concurrent custody time and modify the judgment to impose all mandatory fines.  In all other respects, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

At sentencing, the parties stipulated that in early 2018, defendant shot a firearm in the victim's direction, nearly hitting him. In exchange for the dismissal of the remaining charges and a stipulated 14-year term, defendant pled no contest to assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] admitted to a firearm enhancement (§ 12022.5, subd. (a)), and admitted a prior strike conviction allegation (§ 667, subd (b)-(i)).

Prior to sentencing, defendant invited the trial court to strike the prior strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.[2] The court declined. Thereafter, the trial court sentenced defendant to the stipulated 14-year term, calculated as follows: four years for assault with a firearm (the low term doubled for the strike) and 10 years for the firearm enhancement.

## DISCUSSION

### I. The *Romero* Request

### A. Additional Background and Defendant's Contention

Defendant's strike arose from a 2004 conviction for first degree burglary. As described in defendant's points and authorities, defendant had kicked in multiple doors of an apartment complex and took $338 cash from one victim's purse. He received a four-year sentence and was discharged from parole in 2010.

Defendant asked the trial court to strike the prior strike, arguing it was remote, he had no intervening criminal convictions, and his criminal history was insignificant. Defendant also highlighted his strong family and community ties, work history, and acceptance into alcoholism treatment programs.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Under the plea agreement, the People did not oppose defendant making a *Romero* request.

The trial court stated it had "carefully reviewed" both parties' briefings as well as the attached letters of support on defendant's behalf. It declined to strike the strike allegation, explaining, "not only is there too much serious criminality in the past, the present conduct is far too serious in order to . . . allow for the prior to be stricken."

The court called defendant's current case "violent," "belligerent," and "dangerous," explaining: "As I understand the facts of this case, in essence the Defendant is intoxicated. He gets in some type of verbal altercation with some family members. … He makes threats. He retrieves a firearm and shoots that firearm at or near the vicinity of people that he is involved with in some way. There are four spent cartridges found. No one is hit, but I believe in the People's recitation someone does hear a bullet whiz by his head."[3]

The court also described defendant's overall criminal record as "significant," noting in addition to the prior strike, defendant had a 1988 felony conviction for assault with a deadly weapon, a 1994 conviction for second degree burglary, and a 1998 misdemeanor conviction for driving under the influence with injury.

On appeal, defendant argues the trial court abused its discretion, given the prior strike's remoteness and the purported failure of the court to consider all relevant information, including his lack of convictions since the 2004 strike, his admitted

---

[3] According to the prosecution's recitation, the second shot nearly hit the victim, who heard the bullet go by him and described the sound as a "whistle" or "whine." Defendant apologized for shooting at the victim, explaining that he was "looking for whoever jumped him earlier." Multiple witnesses informed arriving officers that defendant was intoxicated.

According to the defense's recitation, defendant was in a domestic dispute with his girlfriend and her family. He briefly left to retrieve a gun, announcing he was trying to find the person who jumped him. He then fired shots near a vehicle; the victim stated that defendant shot into the air and into the street. When defendant noticed the victim, he apologized saying he was looking for the person who jumped him. Defendant appeared intoxicated.

alcoholism and willingness to obtain treatment, the community and family support, and his work history.

## B. Analysis

"[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) In deciding whether to strike a prior strike conviction, or in reviewing a trial court's ruling, courts must consider whether in light of (1) the nature and circumstances of the present felonies, (2) the nature and circumstances of the prior serious and/or violent felony convictions, and (3) the particulars of the defendant's background, character, and prospects, the defendant may be deemed outside the spirit of the three strikes scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the trial court's refusal to strike a prior strike for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) The burden is on the defendant to show the trial court's refusal "is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid*.) To merely demonstrate that reasonable people might disagree over whether to strike a strike is insufficient. (*Id*. at p. 378.)

Here, the trial court acted well within its discretion in refusing to strike the strike allegation. The nature and circumstances of the present offense were, as the trial court noted, "violent," "belligerent," and "dangerous." Defendant, while intoxicated, shot a gun four times, barely missing the victim. Even under the most favorable characterization, defendant's conduct was highly dangerous to human life.

As to the prior strike, it preceded the current offense by 14 years. But that was not defendant's only criminal history. Defendant had been to prison at least four times before his current case, and his non-strike offenses include an assault with a deadly

4

weapon. Further, as the probation report reflects, defendant was twice returned to custody for parole violation following his strike conviction.

While defendant complains the trial court failed to consider all relevant criteria, the record shows otherwise. The trial court stated that it had "read and considered the defense's motion to strike" and "carefully reviewed the defendant's history" along with the attached letters of support. (*See People v. Abilez* (2007) 41 Cal.4th 472, 530 [that trial court "did not find defendant's proffered mitigating evidence as persuasive as he would have liked does not undermine" the conclusion that the court weighed aggravating and mitigating evidence]; *see also People v. Kelley* (1997) 52 Cal.App.4th 568, 582 [trial court presumed to have considered all relevant factors absence affirmative record to the contrary].) Indeed, nothing in the particulars of defendant's background, character, and prospects would render the trial court's ruling an abuse of discretion given the violent nature of the current offense and defendant's significant criminal history.

The trial court, therefore, acted well within its discretion in refusing to strike the prior strike.

## II. The Restitution Fines and Mandatory Fees
### A. Additional Background and the Parties' Contentions

At sentencing, the trial court imposed a $300 restitution fine. Without explanation, the court then converted that fine to nine days of custody time, to run concurrently with the sentence imposed. The trial court did not orally impose any other fines or fees, yet the abstract of judgment reflects a $30 conviction assessment (Gov. Code, § 70373) and a $40 court operations assessment (§ 1465.8), both appearing to have been converted to concurrent custody time. It also reflects a suspended $300 parole revocation fine not orally imposed by the trial court.

Defendant argues the trial court erred in converting a restitution fine to custody time, and he argues the minute order and abstract of judgment must be modified to conform to the trial court's oral pronouncement, which did not include certain mandatory

5

fees.  Defendant also argues that due process requires that his ability to pay be determined, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), before fines and fees are imposed.

While the People agree converting the restitution fine to custody time was error, the People urge that we remand to allow the trial court to select a restitution fine amount and to impose all other mandatory fines and fees.  The People assert that defendant may then raise an ability to pay challenge.

We conclude the court erred in converting the restitution fine and will remand to allow the trial court to impose the restitution fine it deems appropriate and to impose mandatory fees.  If defendant wishes to make an ability to pay claim, he can do so at that time.

### B.  Analysis

We agree with the parties that converting the restitution fine to custody time was error.  Section 1205, which empowers a trial court to make such conversions, specifically excludes restitution fines.  (§ 1205, subd. (f) ["This section shall not apply to restitution fines and restitution orders"].)  Section 1202.4, subdivision (c) mandates that a trial court "shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  We will therefore strike the nine days of concurrent custody time imposed and remand this case to the trial court to consider whether to impose the mandatory restitution fine or whether there is a "compelling and extraordinary reasons for not doing so."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.)  If the court imposes a restitution fine, it must also impose and stay the mandatory parole revocation restitution fine.  (§ 1202.45.)

As to the other fees that were not imposed but nevertheless appear on the abstract of judgment, we  note that those fees are mandatory.  (*See People v. Woods* (2010) 191 Cal.App.4th 269, 272-273 [conviction and court operations assessments are mandatory;

the trial court lacks discretion to stay or decline to impose them].)  They must be orally imposed by the trial court on remand.

As for defendant's ability to pay claim grounded on *Dueñas, supra*, 30 Cal.App.5th 1157, since we are remanding the matter to the trial court for the court to impose what would otherwise be mandatory fines and assessments, defendant can make his *Dueñas* claim there.[4]

## DISPOSITION

The judgment is modified to strike the nine days of concurrent custody time.  We remand to the trial court to impose the mandatory restitution and parole revocation restitution fines or explain why there is a compelling and extraordinary reason for not doing so.  Thereafter, the trial court shall prepare an amended abstract of judgment reflecting whatever orders it makes and forward a certified copy to the Department of Corrections and Rehabilitation.

\*\*\*\*\*

---

[4]  We express no opinion as to the validity of such a claim.

In all other respects, we affirm.

                                        /s/
                                MURRAY, J.


We concur:


        /s/
ROBIE, Acting P. J.


        /s/
MAURO, J.