Filed 7/23/21  P. v. Powell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092459 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE006076) |
| v. | |
| JEFFREY DEWAYNE POWELL, | |
| Defendant and Appellant. | |

After a jury found defendant Jeffrey Dewayne Powell guilty of five residential burglaries, the trial court denied defendant's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, to strike a prior serious felony conviction, and then imposed a sentence of 175 years to life in state prison.  On appeal, defendant contends (1) the trial court abused its discretion in denying his *Romero* motion, and (2) his sentence violates his constitutional rights to be free from cruel and unusual punishment.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In late February 2017, police who responded to a suspected residential burglary in Elk Grove found screens removed from the windows of a home and shoe prints on the staircase. Defendant's fingerprints were found at the scene. Later, a resident of the home realized that jewelry worth thousands of dollars was gone, and police recovered property belonging to the resident inside defendant's backpack.

In early March 2017, a married couple discovered they were missing multiple items from their Elk Grove home, including a digital camera, power tools, and credit cards. On a day when the couple left their house by 6:30 a.m., the home security system indicated someone entered the house at 7:11 a.m. and left at 7:30 a.m. Days later, defendant used one of the missing credit cards to purchase a video game system.

Also in March 2017, a 15-year-old Elk Grove girl was alone in her house and getting ready for school when she saw a man standing in her bedroom doorway. The man told the girl he was a police officer, and left. The girl later identified defendant as the man who was in her home, both in a photo lineup and at trial.

Later that month, an Elk Grove resident returned to her house to find several items missing, including a camera and a laptop computer. The camera was found later in a motel room defendant occupied.

Also in March 2017, a man returned to his Elk Grove home after work and noticed that a window was open in a downstairs bedroom, and that a screen had been removed. He also noticed large shoeprints on the hardwood floor. Cash, a credit card, and jewelry was missing. Defendant's thumb print was found at the scene.

In May 2020, a Sacramento County prosecutor filed an amended information charging defendant with multiple counts of first degree residential burglary. (Pen. Code,

2

§ 459.)[1]  The amended information alleged that—in connection with the confrontation with the teenager (count three)—someone other than an accomplice was present in the residence during the burglary.  (§ 667.5, subd. (c)(21).)  The information further alleged defendant:  (i) had prior residential burglary convictions in 2006 and 2008, which triggered (a) the Three Strikes sentencing law (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)) and (b) prior serious felony conviction enhancements (§ 667, subd. (a)); and (ii) served a prior prison term (§ 667.5, subd. (b)).

Defendant took the stand at his trial and denied that he committed any of the burglaries.

A jury found defendant guilty on five counts of residential burglary and found true the allegation regarding count three.  The jury also found true the prior conviction allegations.

Before sentencing, defendant filed a *Romero* motion to strike his 2006 residential burglary conviction in the furtherance of justice.  The People opposed.

At a July 2020 sentencing hearing, the trial court denied the *Romero* motion, explaining that "over the last 14 years, [defendant] ha[d] developed an impressive and increasingly serious résumé of criminal activity that began in 2006 at the age of 20," when defendant "started down his path of committing residential burglaries."  Defendant "was given a chance on supervised probation and sentenced to just over a year in the county jail," but he "was not successful on probation, however.  And two years later in 2008, he was convicted of another residential burglary and sentenced to a term in state prison."

"It appears that [defendant] spent just over seven years in state prison and was released on parole in 2015.  While supervised on parole, [defendant] committed the

---

[1]  Undesignated statutory references are to the Penal Code.

3

crimes that are before the [c]ourt today.  And in a time span of less than 30 days, [defendant] . . . committ[ed] five separate residential burglaries, one of which . . . involved a young girl who was present in her home when [defendant] unlawfully entered it.  [¶]  But this did not deter [defendant], because three days later, he committed [another] burglary . . . ."

"And while I appreciate that I have the discretion to strike one or more of [defendant's] prior convictions, I do not find that this is the case, nor [defendant] the person, in which it would be appropriate to do so.  [¶]  I find he falls within the intent and spirit of the Three Strikes Law, and that is to prevent career and increasingly serious criminals from further criminal conduct.  [¶]  So at this time, I decline to exercise that discretion and will deny the motion."

Having denied the *Romero* motion, the trial court sentenced defendant to an aggregate term of 175 years to life in prison, consisting of (a) five consecutive indeterminate terms of 25 years to life on each of the burglaries (pursuant to the Three Strikes law), plus (b) another 10 years on each count (five years for each of the two prior serious felony convictions).  The trial court also imposed but stayed an additional year for the prior prison term.

The trial court asked defendant if he had any questions.  Defendant replied: "Yeah.  So what are you sentencing me to?"  The trial court explained that the sentence was "175 years to life in prison," meaning that defendant would spend the rest of his life in prison.  Defendant replied, "That's a little draconian, don't you think?"  "I think it's appropriate given what you've done," the trial court responded.

Defendant timely appealed.

4

## DISCUSSION

### I

### *The Romero Motion*

Defendant contends the trial court abused its discretion in denying his motion to dismiss one of his residential burglary strike priors, as the denial lead to a "draconian, unnecessarily long sentence," "wholly out of proportion to the circumstances." Defendant insists that a "lengthy determinate sentence would [have] more than suffice[d] to punish" him. The People argue the trial court did not abuse its discretion.

We agree with the People that the trial court did not abuse its discretion.

In reviewing a ruling not to dismiss a strike, "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Here, the trial court understood it had discretion to dismiss the prior strikes, but was unpersuaded defendant fell outside the spirit of the Three Strikes scheme, given the series of relatively short periods of time between defendant's releases from custody and commission of new residential burglaries, including five independent residential burglaries within 30 days in 2017. That criminal history supports the trial court's decision. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 346 ["Had defendant not had a 22-year criminal history, but only a recent violent assault, soon followed by another felony while still on parole, surely, defendant would come within both the letter and the spirit of the Three Strikes law"]; *id.* at p. 347 ["a career criminal who falls within the letter of the Three Strikes law—which was meant to apply to career criminals—should be deemed outside its spirit only in extraordinary circumstances"].)

5

Thus, the court's decision not to strike defendant's 2006 residential burglary conviction was not "so irrational or arbitrary that no reasonable person could agree with it," (*People v. Carmony* (2004) 33 Cal.4th 367, 377) and we find no abuse of discretion.

II

*The Constitutional Claims*

Defendant argues his sentence constitutes cruel and unusual punishment under the state and federal Constitutions. The People argue the claim is forfeited because defendant did not raise it in the trial court, and, in any event, the sentence is not unconstitutional. Defendant insists the claim is not forfeited for a variety of reasons, including ineffective assistance of trial counsel in failing to make the argument.

Because we reject the claim on the merits, we need not address the question of forfeiture.

"The Eighth Amendment prohibits 'a sentence that is grossly disproportionate to the severity of the crime.' (*Rummel v. Estelle* (1980) 445 U.S. 263, 271.) But '[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.' (*Id*. at p. 272.) 'The gross disproportionality principle reserves a constitutional violation for only the extraordinary case.' (*Lockyer v. Andrade* (2003) 538 U.S. 63, 77.) And while the 'precise contours' of that principle are unclear (*id*. at p. 73), it *is* clear that a state may constitutionally punish a recidivist offender by imposing an extremely long prison sentence—even a life term— and even when the offenses are nonviolent. (*See Rummel v. Estelle*, at p. 274 [life sentence for fraudulent use of a credit card to obtain $80, forging a check for $28.36, and obtaining $120.75 by false pretenses]; *Ewing v. California* (2003) 538 U.S. 11, 18 [ ] [25 years to life for stealing golf clubs]; *Lockyer v. Andrade*, at p. 77 [50 years to life for stealing video tapes].)" (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1172 (*Bernal*).)

6

Consistent with *Bernal*'s recent review of relevant precedent, we conclude defendant's extremely long prison sentence for nonviolent (but serious) offenses does not violate the Eighth Amendment of the federal Constitution.

"The California Constitution similarly prohibits cruel or unusual punishment. (Cal. Const., art. I, § 17.)  A punishment is cruel or unusual only if it 'is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.'  (*In re Lynch* (1972) 8 Cal.3d 410, 424.)  More specifically, imposition of a life term for even a nonviolent felony committed by a defendant with a history of serious or violent felony convictions does not violate the California Constitution.  (*People v. Mantanez* (2002) 98 Cal.App.4th 354, 363-364.)" (*Bernal, supra*, 42 Cal.App.5th at pp. 1172-1173.)

Here, a sentence of 175 years to life resulted in part from application of the Three Strikes law to defendant's recidivist criminal record:  a string of residential burglaries in 2017, following two separate periods of incarceration after residential burglary convictions in 2006 and 2008.  Accordingly, that sentence for the commission of five serious felonies "by a defendant with a history of serious . . . felony convictions does not violate the California Constitution." (*Bernal*, *supra*, 42 Cal.App.5th at p. 1172.)

III

*Senate Bill No. 136*

Defendant argues the stayed one-year enhancement imposed pursuant to section 667.5 must be stricken in light recent changes to California law.  The People agree and so do we.

"On October 8, 2019, . . . the Governor signed Senate Bill No. 136 (2019-2020 Reg. Sess.), which amended section 667.5, subdivision (b).  [Citation.]  Under the amendment, the one-year enhancement in section 667.5, subdivision (b) applies only if the defendant's prior prison term was 'for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'  (Stats. 2019, ch.

590, § 1.)  [¶]  The amendment to section 667.5, subdivision (b) became effective on January 1, 2020." (*People v. Petri* (2020) 45 Cal.App.5th 82, 93-94.)

Accordingly, imposition of the section 667.5 enhancement for defendant's prior residential burglary conviction resulted in an unauthorized sentence that may be modified at any time.  (See *People v. Smith* (2001) 24 Cal.4th 849, 853; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.)  We will strike the enhancement and order the abstract of judgment be amended.

## DISPOSITION

The stayed section 667.5 enhancement is stricken.  As modified, the judgment is affirmed.  The clerk of the trial court shall amend the abstract of judgment to reflect the modified judgment and shall deliver a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                    /s/
RAYE, P. J.



We concur:


                    /s/
MAURO, J.


                    /s/
MURRAY, J.

8