Filed 9/9/21  P. v. Tatum CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMSON EUGENE TATUM,<br><br>Defendant and Appellant. | C093211<br><br>(Super. Ct. No. 20FE001703) |

Appointed counsel for defendant Samson Eugene Tatum asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has found a minor sentencing error, which we will modify the judgment to correct.  We will affirm the judgment as modified.

I

The prosecution charged defendant with a single count of unlawful possession of a firearm.  (Pen. Code, § 29800, subd. (a)(1).)[1]  The prosecution also alleged defendant had two prior strikes (§§ 1192.7, subd. (c), 667, subds. (b)-(i)) for a 1997 voluntary

------

[1] Undesignated statutory references are to the Penal Code.

1

manslaughter (§ 192, subd. (a)) conviction and a 1995 first degree burglary (§§ 459, 460) conviction.

In a jury trial, the prosecution presented evidence that defendant drove to an apartment one day to pick up some belongings from the mother of his children. The mother sent her daughter-in-law out to defendant's car to bring his belongings to him, and defendant brandished a handgun.[2] He did not point the gun or threaten the daughter-in-law.

The daughter-in-law returned to the apartment and told the mother, who called 911. In the call, which was played for the jury, the mother reported defendant had a gun, although she speculated it "might be a BB gun."

When sheriff's deputies arrived, they saw defendant driving and ordered him to stop. Defendant continued driving. Shortly thereafter, deputies saw defendant walking in the apartment complex and arrested him. A deputy searched the car defendant had been driving and found a black handgun on the driver's side floorboard of the car. The parties stipulated that no fingerprints were found on the gun.

Defendant admitted the 1997 prior strike conviction for voluntary manslaughter outside the presence of the jury. The jury then found defendant guilty of the unlawful possession of a firearm count.

At sentencing, the prosecution agreed to dismiss the second prior strike conviction for the first degree burglary allegation, and defendant filed a *Romero* motion[3] to strike the remaining prior strike conviction. The court denied the motion, noting that although the prior strike conviction occurred "some time ago," defendant had been convicted of

---

[2] The daughter-in-law testified at trial that defendant had a "dark object" in his hand but had previously told a sheriff's deputy the object was a handgun.

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

many other crimes in the intervening years. Moreover, similar to the current conviction, defendant's prior strike conviction had involved a firearm.

Defense counsel argued no victim restitution was appropriate in the case and asked the court to consider several letters of support from defendant's friends and family members when sentencing defendant.[4] Defense counsel also disputed the aggravating factors cited in the probation report. The court sentenced defendant to the upper term of three years, doubled for the prior strike, for a total term of six years in state prison. Although defense counsel did not object to the imposition of any fines or fees, the court waived all nonmandatory fines and fees, "in light of the defendant's prison sentence." The court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), suspended pending revocation of parole, a "$30 court facility fee and a $40 court facility fee." The abstract of judgment reflects the imposition of a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373). The court also reserved jurisdiction over a potential victim restitution claim from the mother, although it expressed uncertainty about whether she would be entitled to anything.

## II

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

---

[4] Among other things, the letters highlighted defendant's relationship with his children, his ability to hold a job and contribute to society, and his plans to attend trade school.

Having undertaken an examination of the entire record, we note one minor error that warrants correction. At the sentencing hearing, the court appears to have misspoken and orally imposed two court facilities assessments of $40 and $30, rather than a single $30 court facilities assessment and a $40 court *operations* assessment, as is required by statute and was correctly provided in the abstract of judgment. (§ 1465.8; Gov. Code, § 70373; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.) We will modify the judgment to accurately designate the two assessments. Because the abstract of judgment accurately designates these assessments, no change to the abstract is necessary.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to reflect the imposition of a $40 court operations assessment and a $30 court facilities assessment. As modified, the judgment is affirmed.


          /S/
          MAURO, J.


We concur:


     /S/
ROBIE, Acting P. J.


     /S/
DUARTE, J.


4