[No. B223793. Second Dist., Div. Five. Dec. 23, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT WOODS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the heading of part II.A., all of part II.A., all of part II.B., and the heading for part II.C.

COUNSEL

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Vincent Woods, appeals from his convictions for cocaine possession (Health & Saf. Code, § 11350, subd. (a)) and misdemeanor marijuana possession (Health & Saf. Code, § 11357, subd. (b)). In the published portion of this opinion, we address the issue of whether, when a defendant is placed on probation pursuant to Penal Code section 1210.1, subdivision (a) (Proposition 36 probation), the following may be stayed: a Government Code section 70373, subdivision (a) court facilities assessment; a Penal Code section 1202.4, subdivision (b)(1) restitution fine; and a Penal Code section 1465.8, subdivision (a)(1) court security fee. We conclude they may not be stayed. In the unpublished portion of the opinion, we address other sentencing issues. We affirm the judgment in all other respects.

## II. DISCUSSION

### A., B.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

As noted, defendant was placed on probation pursuant to Penal Code section 1210.1, subdivision (a). When placing defendant on Penal Code section 1210.1, subdivision (a) probation, the judge who tried the case, the Honorable Paul A. Bacigalupo, imposed and then stayed the Government

---

[*]See footnote, *ante*, page 269.

Code section 70373, subdivision (a)(1) court facilities assessment; the $200 Penal Code section 1202.4, subdivision (b)(1) restitution fine; and the $30 Penal Code section 1465.8, former subdivision (a)(1) court security fee. We conclude no authority exists to *stay* the facilities assessment, restitution fine and security fee under these circumstances.

■ The facilities assessment, restitution fine and court security fee are mandatory. Government Code section 70373, subdivision (a)(1), which provides for imposition of the court facilities assessment, states in part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ." Penal Code section 1202.4, subdivision (b)(1), which provides for a restitution fine states: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." Penal Code section 1465.8, former subdivision (a)(1), which provided for the court security fee, stated, "To ensure and maintain adequate funding for court security, a fee of thirty dollars ($30) shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code." As noted, the facilities assessment, restitution fine and court security fee are mandatory. (*People v. Hanson* (2000) 23 Cal.4th 355, 362 [97 Cal.Rptr.2d 58, 1 P.3d 650] ["a restitution fine is mandatory even in the absence of a crime victim . . . ."]; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112 [112 Cal.Rptr.3d 884] ["imposition of an assessment under Government Code section 70373(a)(1) is required . . ."]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [64 Cal.Rptr.3d 605] ["§ 1465.8 'unambiguously requires a fee to be imposed for each of defendant's convictions' "].)

■ There is no statutory authority which allows the facilities assessment, restitution fine and court security fee to be *stayed*. In *People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1589 [266 Cal.Rptr. 710], we confronted a similar issue where the trial court stayed a Health and Safety Code section 11372.4, subdivision (a) five-year drug enhancement. We set aside the order

staying the enhancement and reasoned as follows: ▉ "In passing sentence, the court has a duty to determine and impose the punishment prescribed by law. (Pen. Code, § 12; *People* v. *Floyd P.* (1988) 198 Cal.App.3d 608, 612 [244 Cal.Rptr. 269]; *People* v. *Santana* [(1986)] 182 Cal.App.3d [185,] 191–192 [227 Cal.Rptr. 51].) When an illegal sentence 'is discovered while defendant's appeal is pending, the appellate court should affirm the conviction and remand the case for a proper sentence. [Citation.]' (*People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237]; *People* v. *Hickey* (1980) 109 Cal.App.3d 426, 436 [167 Cal.Rptr. 256]; *People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289], disapproved on other grounds in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, . . . fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144].) In *Serrato*, the Supreme Court noted, 'Such [an illegal] sentence . . . is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement. [Fn. omitted.]' (*People* v. *Serrato, supra,* 9 Cal.3d at p. 764.) Since the order staying the enhancement was in excess of the court's jurisdiction, it must be set aside." (*Cattaneo*, at p. 1589; see *People v. Harvey* (1991) 233 Cal.App.3d 1206, 1231 [285 Cal.Rptr. 158] [trial court had no authority to *stay* imposition of an enhancement].) Our analysis in *Cattaneo* is controlling. There is no authority to "stay" the facilities assessment, restitution fine and court security fee as occurred here. Therefore, the stay order is reversed.

▉ As to the facilities assessment and court security fee, upon remittitur issuance, they are to be imposed. A sentencing court has no discretion to decline to impose them under the circumstances present in this case. As to the restitution fine, the situation is slightly different. As noted, a sentencing court retains the authority to not impose the restitution fine if it finds compelling and extraordinary reasons for not doing so. (Pen. Code, § 1202.4, subd. (b)(1); *People v. Hanson, supra,* 23 Cal.4th at p. 362.) Here, the restitution fine was imposed and stayed. No findings were made that compelling and extraordinary reasons existed to not impose the restitution fine on defendant. Nor did Judge Bacigalupo purport to act as permitted by Penal Code section 1202.4, subdivision (b)(1) to not impose the restitution fine because of compelling and extraordinary circumstances. He actually imposed the restitution fine, albeit he stayed it. On the other hand, for whatever reason, Judge Bacigalupo did not intend that defendant pay the restitution fine. ▉ When an unlawful sentencing decision is made (which in this case is the stay order of the restitution fine), the proper course of action is to allow the trial court to lawfully exercise its discretion and impose a lawful sentence. (*People v. Williams* (1998) 17 Cal.4th 148, 164 [69 Cal.Rptr.2d 917, 948 P.2d 429] [after the trial court abused its discretion in striking prior

conviction allegations, proper course of action was to remand to permit the proper exercise of sentencing authority]; *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1531–1533 [98 Cal.Rptr.3d 1] [remand to permit the trial court to make an ability-to-pay determination when additional penalty assessments, a surcharge and penalties were added to Pen. Code, § 1202.5, subd. (a) fine]; *People v. Bradley* (1998) 64 Cal.App.4th 386, 400 [75 Cal.Rptr.2d 244] [when the trial court improperly stayed a prior prison term enhancement, the cause was remanded to allow the trial court to exercise its discretion to strike to impose the additional term].) If the restitution fine is not imposed, the probation restitution fine is likewise not to be imposed. (Pen. Code, § 1202.44; see *People v. Tillman* (2000) 22 Cal.4th 300, 303 [92 Cal.Rptr.2d 741, 992 P.2d 1109].)

Thus, upon remittitur issuance, Judge Bacigalupo is to determine if compelling and extraordinary reasons exist to not impose the restitution fine. If he determines compelling and extraordinary reasons are not present, then the restitution fine is to be imposed. In addition, the probation revocation restitution fine must be imposed and stayed as expressly statutorily required by Penal Code section 1202.44. If compelling and extraordinary reasons are present, the restitution fine is not to be imposed. We express no opinion as to whether compelling and extraordinary reasons are present. We leave this issue in Judge Bacigalupo's good hands.

## III. DISPOSITION

The judgment is modified as noted and the following is to occur once the remittitur issues. First, the additional penalty assessments, surcharges, and penalties related to the $50 Health and Safety Code section 11372.5, subdivision (a) laboratory fee and Health and Safety Code section 11372.7, subdivision (a) drug program fee are imposed as discussed in the unpublished portion of this opinion. Second, the $200 Health and Safety Code section 11372.7, subdivision (a) drug program fee is reduced to $150 as discussed in the unpublished portion of this opinion. Third, a total of two $30 Penal Code section 1465.8, former subdivision (a)(1) court security fees and two $30 Government Code section 70373, subdivision (a)(1) assessments are imposed and none are to be stayed. Fourth, as to the Penal Code section 1202.4, subdivision (b)(1) restitution fine, the stay order is reversed. Judge Bacigalupo is to determine whether there are compelling and extraordinary reasons to not impose the restitution fine. If compelling and extraordinary reasons exist not to impose the $200 restitution fine, it is not to be imposed nor is the Penal Code section 1202.44 probation restitution fine. If compelling and extraordinary reasons do not exist, the $200 restitution fine is reinstated

and is not to be stayed. In addition, under these latter circumstances, the $200 Penal Code section 1202.44 probation restitution fine is to be imposed and stayed. The judgment is affirmed in all other respects.

Armstrong, J., and Mosk, J., concurred.

On December 29, 2010, the opinion was modified to read as printed above.