Filed 5/27/15  P. v. Martinez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B257937 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA023514) |
| v. | |
| MICHAEL LASHON MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Appellant Michael Lashon Martinez appeals from a revised sentencing order in which his aggregate sentence was increased from the 116-year sentence that was approved in a prior appeal to 140 years. We conclude the increase is erroneous, and reverse and remand for imposition of a proper sentence not to exceed the 116-year aggregate sentence that was upheld in a prior appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

As discussed in our prior opinions (No. B110602 and No. B241572), the case involves a 1995 armed robbery of a jewelry store. In connection with that incident, appellant was charged with attempted murder (count 1), robbery (counts 2-5), and assault with a firearm (counts 6-9). Personal firearm use and prior strike conviction allegations also were alleged.

The jury found appellant guilty of the charged offenses and found the firearm allegations to be true. The five prior strike conviction allegations also were found to be true. The trial court exercised its discretion to strike one of the prior convictions, and with the prosecution's consent vacated the attempted murder conviction (count 1). The court imposed an aggregate sentence of 120 years to life, consisting of four consecutive terms of 25 years to life (counts 2-5), with accompanying 5-year firearm enhancements. The sentences on counts 6 through 9 were stayed pursuant to Penal Code section 654.

In the previous appeal from the judgment, we reduced the firearm use enhancements from 5 to 4 years, resulting in an aggregate sentence of 116 years to life. (*People v. Martinez* (Feb. 25, 1998, B110602) [nonpub. opn.].)

In the previous habeas corpus proceeding, we issued a writ directing the trial court to conduct a new sentencing hearing at which it was to consider whether to impose concurrent or consecutive terms. (*In re Martinez* (Oct. 23, 2012, B241572) [nonpub. opn.].)

At the new sentencing hearing on January 7, 2014, the People sought an aggregate sentence of 140 years to life, consisting of four consecutive terms of 25 years to life, with

2

accompanying 10-year firearm enhancements. Defense counsel sought an aggregate sentence of 35 years to life, consisting of concurrent rather than consecutive terms.

In electing to impose consecutive terms, the trial court provided the following statement of aggravating factors: "Defendant was armed with a gun. The victims were vulnerable. It was a—it was an organized take-over style robbery of a retail jewelry store. The defendant was convicted of another crime for which consecutive sentence could have been imposed. The manner by which it was carried out indicates planning, sophistication and professionalism. The conduct was very violent. The defendant threatened to kill people, tried to kill people, and it was a more serious offense than the defendant's previous offenses, and the defendant was on parole when he committed the crimes, and he violated the terms of his parole."

By imposing four consecutive terms of 25 years to life with 10-year firearm enhancements, the trial court increased appellant's aggregate sentence from 116 years to 140 years. No mention was made at the January 7, 2014 hearing of the constitutional prohibition against increasing the aggregate sentence. Appellant filed a timely appeal from the January 7, 2014 order.

## DISCUSSION

Given the trial court's detailed statement of aggravating circumstances, the record sufficiently explains the court's reasons for imposing consecutive rather than concurrent terms. The sole issue on appeal is whether the increase in appellant's aggregate sentence from 116 to 140 years is unlawful. Contending the increase is unauthorized, appellant seeks reinstatement of the 116-year aggregate sentence that was approved in the prior appeal.

Respondent agrees that the increase in the aggregate sentence is unlawful, citing *People v. Hanson* (2000) 23 Cal.4th 355, 357, which states: "When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing. [Citation.]" We agree.

3

The law is well-settled that the increase in aggregate sentence is unauthorized. As pointed out in respondent's brief, the constitutional prohibition against increasing a defendant's punishment on resentencing "is necessary to avoid imposing on defendants 'the cruel choice [of] accepting an erroneous conviction or appealing from it at the risk of incurring greater punishment.' (*People v. Craig* [(1998)] 66 Cal.App.4th [1444], 1447.)" We therefore reverse and remand for imposition of a proper sentence. (See *People v. Woods* (2010) 191 Cal.App.4th 269, 273 [where sentence is unauthorized, case should be remanded for a proper sentence].)

## DISPOSITION

The January 7, 2014 order is reversed, and the matter is remanded for imposition of a proper sentence not to exceed the 116-year aggregate sentence approved in the prior appeal (No. B110602). The trial court is directed to prepare a new abstract of judgment and to forward it to the Department of Corrections and Rehabilitations.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

4