Filed 8/20/21  P. v. Hansen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN BUCK HANSEN,<br><br>        Defendant and Appellant. | C091524<br><br>(Super. Ct. No. STKCRFDV20190010104) |

After pleading no contest to inflicting a corporal injury on the mother of his child and admitting a great bodily injury enhancement, defendant Brian Buck Hansen was sentenced to eight years in state prison.  Without objection, the court imposed the minimum restitution fine.  Although the abstract of judgment and clerk's minutes also reflect certain mandatory assessments, the trial court did not orally impose the assessments at sentencing.

1

On appeal, defendant challenges the fees and fines on several grounds. He contends the mandatory court operations and court facilities assessments must be stricken from the abstract of judgment and minutes because the trial court's oral pronouncement of judgment, in which the court did not impose the mandatory assessments, controls over the contrary documents. Alternatively, to the extent the trial court imposed the mandatory assessments, defendant contends the court violated his constitutional right to due process by imposing the assessments and restitution fine without first determining his ability to pay, as required by *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Defendant further contends that we should stay the restitution fine because the court was apparently unaware of its discretion not to impose the fine under *Dueñas*.

We conclude the trial court erred by not orally imposing the mandatory assessments during the sentencing hearing and shall modify the judgment to impose the assessments. We further conclude the trial court did not err in imposing the challenged fines and assessments without first determining defendant had the ability to pay them. We therefore reject his *Dueñas* challenge and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2019, defendant physically assaulted E.T., his ex-girlfriend and the mother of his child, three times at a motel in Stockton. Defendant initially attacked E.T. outside the motel; he grabbed her hair, tossed her to the ground, and started hitting her. During the attack, her head hit the concrete. A short time later, defendant attacked E.T. a second time, inside his hotel room, hitting her all over her body multiple times. Defendant fled the motel room, and later returned and attacked E.T. a third time. Defendant got her down on the floor and was hitting and kicking her and banging her head into the ground. According to E.T., defendant basically "beat the shit out of [her]." As a result of the attacks, E.T. suffered a broken wrist, which required surgery to correct.

In August 2019, defendant was charged in San Joaquin County case No. 2019-0010104 with corporal injury to a spouse, cohabitant, or parent of child (Pen. Code,

§ 273.5, subd. (a)—count 1),**1** and contempt of court with a prior (§ 166, subd. (c)(4)—count 2) (the corporal injury case).  It was further alleged that defendant inflicted great bodily injury during the corporal injury offense (§ 12022.7, subd. (e)), that he had a strike prior (§§ 1170.12, subd. (b), 667, subd. (d)), and that he had served three prior prison terms (§ 667.5, subd. (b)).  Following a preliminary hearing in which E.T. testified, defendant was held to answer on the charges.

In December 2019, defendant agreed to resolve multiple pending matters by plea.  Under the terms of the agreement, defendant pleaded no contest to the corporal injury offense and admitted the great bodily injury enhancement in the corporal injury case in exchange for eight years in state prison and dismissal of the remaining charges and enhancements.  He also pleaded no contest to violating section 136.1 in another matter (the dissuading a witness case) and agreed to the revocation of probation in a third matter in exchange for concurrent sentences; a fourth matter was dismissed.  The parties stipulated that the preliminary hearing in the corporal injury case could serve as the factual basis for the plea.

The court sentenced defendant to eight years in state prison according to the plea agreement.  For the corporal injury case, the court imposed a $300 restitution fine (§ 1202.4), a $500 domestic violence fee (§ 1202.097, subd. (a)(5)), and a $300 parole revocation restitution fine (§ 1202.45), which was stayed pending successful completion of parole.  For the dissuading a witness case, the court stayed a $300 restitution fine and as well as a $300 parole revocation restitution fine (pending successful completion of parole).  The court stated that any applicable penalty assessments and criminal surcharges were to be assessed pursuant to sections 1202.4, subdivision (*l*), 1464, and 1465.7.  The

---

**1**     Undesignated statutory references are to the Penal Code.

court reserved jurisdiction on direct victim restitution. Defendant did not object to any of the fees, fines, or assessments imposed.

Defendant appealed, and the trial court denied his request for a certificate of probable cause.

DISCUSSION

In a criminal matter, a trial court is required to impose certain mandatory assessments and fines at sentencing. (See, e.g., Gov. Code, § 70373 [court facilities assessment], § 1465.8 [court operations assessment], § 1202.4 [restitution fine unless compelling and extraordinary reasons exist for not imposing].) Specifically, Government Code section 70373 provides: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed *on every conviction for a criminal offense*, including a traffic offense, except [certain] parking offenses . . . . The assessment shall be imposed in the amount of *thirty dollars ($30) for each misdemeanor* or felony and in the amount of thirty-five dollars ($35) for each infraction." (Gov. Code, § 70373, subd. (a)(1), italics added.) Similarly, section 1465.8, subdivision (a)(1) provides: "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed *on every conviction for a criminal offense*, including a traffic offense, except [for certain] parking offenses . . . ." (§ 1465.8, subd. (a)(1), italics added.) And section 1202.4, subdivision (b) provides that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."

In this case, defendant pleaded no contest to two offenses in two cases, but the trial court did not orally impose the mandatory assessments in either case. Because the trial court should have imposed a $40 court operations assessment under section 1465.8 and a $30 conviction assessment under Government Code section 70373 for each offense, we shall modify the judgment to impose the mandatory assessments accordingly.

4

The abstract of judgment and minute order already reflect the mandatory assessments for the corporal injury case, but neither reference the dissuading a witness case, which was also part of defendant's settlement agreement. We shall direct the clerk to prepare an amended abstract of judgment and minutes that reflect the appropriate charges, sentence, and fees and fines for each case.

And while the trial court imposed a $300 restitution fine in the corporal injury case, it stayed the same fine in the dissuading a witness case. The court, however, was not authorized to stay the restitution fine in the dissuading a witness case. (See *People v. Woods* (2010) 191 Cal.App.4th 269, 271-272 [trial court lacks authority to stay mandatory court facilities assessment, court operations assessment, and restitution fine].) We shall therefore lift the stay on the affected restitution fine.

To the extent defendant relies on *Dueñas, supra*, 30 Cal.App.5th 1157, in arguing that imposition of these assessments and restitution fine without an ability to pay hearing violated his right to due process, or that the trial court failed to recognize its discretion to stay the restitution fine, we are not persuaded that *Dueñas* was correctly decided.[2]

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but found, contrary to *Dueñas*, that the same did not apply for restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.) In

---

**2**    The People argue defendant forfeited his claim regarding the restitution fine by failing to object on due process grounds or even express any concern about inability to pay in the trial court. The arguments defendant advances in support of his assertion that his claim is not forfeited presuppose that *Dueñas* was correctly decided. As previously explained, we disagree.

the meantime, we join those authorities that have concluded the principles of due process do not require a determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the above-referenced restitution fine and assessments.

## DISPOSITION

The judgment is modified to impose a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373) for each offense in both of defendant's cases resolved by plea. We also lift the stay on the $300 restitution fine in the dissuading a witness case. As so modified, the judgment is affirmed. The clerk is directed to prepare an amended abstract of judgment and minutes referencing both cases and to forward a copy to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　BLEASE, Acting P. J.


We concur:


　　/s/
HULL, J.


　　/s/
MURRAY, J.

6