Filed 9/28/21  P. v. Swaney CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN DAVID SWANEY,<br><br>        Defendant and Appellant. | A160563<br><br>(Humboldt County<br>Super. Ct. No. CR2001258) |

Jonathan David Swaney appeals from a judgment of conviction and sentence imposed after he entered a guilty plea to multiple offenses.  He makes two contentions regarding matters occurring after his plea:  his probationary period should be reduced from three years to two years pursuant to Assembly Bill No. 1950 (AB 1950), and the court erred in declining to hold a hearing on his ability to pay fines and fees.  We will remand for the trial court to redetermine Swaney's sentence and to hold an ability-to-pay hearing.

## I.  FACTS AND PROCEDURAL HISTORY

In March 2020, Swaney was charged with making criminal threats (Pen. Code, § 422), felony assault with a deadly weapon (§ 245, subd. (a)(1)), felony false imprisonment by violence (§ 236), and misdemeanor disobedience of a court order (§ 166, subd. (a)(4)).[1]

---

[1]     Except where otherwise indicated, all statutory references are to the Penal Code.

1

In April 2020, pursuant to a negotiated agreement, Swaney entered a guilty plea to felony false imprisonment and misdemeanor disobedience of a court order in exchange for a dismissal of the remaining charges.

In May 2020, the court suspended imposition of sentence and placed Swaney on formal probation for three years. The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)), court security fees of $80 (§ 1465.8), criminal conviction assessments of $60 (Govt. Code, § 70373), and a $300 restitution fine that was suspended unless probation is revoked (§ 1202.4). The court declined to impose a court fine, and had reduced the restitution fine from $600 to $300, in light of indications in the probation officer's report that Swaney had been unemployed for five years, received "Cal Fresh" aid, and has no assets.

Swaney filed a notice of appeal, and the court granted his request for a certificate of probable cause in July 2020.

While his appeal was pending, in November 2020 Swaney asked the trial court in a letter pursuant to section 1237.2 to strike the $80 court security fees and $60 criminal conviction assessments and to stay enforcement of the $300 restitution fine until a showing of his ability to pay.[2]

_____

[2] Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or

2

He reiterated that he had been unemployed for five years, received Cal Fresh benefits, and has no assets, and he noted that the probation officer's report indicated he was homeless.

In December 2020, the trial court denied Swaney's request. The court explained that it had imposed a restitution fine of $300 rather than the $600 recommended by the probation officer's report, in light of the information in the report concerning Swaney's financial condition. It had imposed the court security fee and criminal conviction assessment because those assessments are "mandatory." The court concluded that it "assessed Defendant's ability to pay and was not required to conduct any further assessments, as Defendant did not request such." We granted Swaney's motion to augment the record with his section 1237.2 letter and the court's response.

Also during the pendency of the appeal, AB 1950 became effective on January 1, 2021. (Assem. Bill No. 1950 (2019–2020 Reg. Sess.); Stats. 2020, ch. 328, § 2.) AB 1950 reduced felony probation terms to two years, with certain exceptions not applicable here. (See § 1203.1, subd. (m).)

## II. DISCUSSION

Swaney contends his three-year probationary term must be reduced to two years pursuant to AB 1950 and his fines and fees should be stricken or stayed or an ability-to-pay hearing should be held. Respondent agrees that remand is appropriate for resentencing and a hearing. We briefly address each issue.

### A. Probationary Term

As amended by AB 1950, section 1203.1, subdivision (a) reads in pertinent part: "The court, or judge thereof, in the order granting probation,

---

costs are the sole issue on appeal." At the time, there was no other issue on appeal.

3

may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time *not exceeding two years*, and upon those terms and conditions as it shall determine." (Italics added.) AB 1950's modification to section 1203.1 applies retroactively to cases not yet final on appeal. (*People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964.)

Swaney contends we should either order the trial court to reduce his probation term to two years, or remand for further proceedings. Respondent generally agrees that Swaney's probationary term should be reduced to two years, but it favors a remand so the trial court can reconfigure Swaney's probation conditions to fit a two-year probationary term rather than a three-year term. For example, respondent asserts, the court could modify or strike probation terms so they can be complied with before termination of probation or removed from consideration of whether the probation terminated successfully, determine the date probation terminated or will terminate under the new law, and decide whether conditions will remain or have remained unmet. By contrast, respondent argues, this court cannot determine from the appellate record whether a probation-tolling revocation is underway or whether Swaney has outstanding community service hours, failed a recent drug test, agreed to an extension of probation to achieve a goal or complete a program, is making scheduled restitution payments, or made the most of probation early on and deserves to be successfully discharged without term modifications.

We will remand the case and direct the trial court to terminate or modify probation consistent with AB 1950. (*People v. Sims*, *supra*, 59 Cal.App.5th at p. 964 [remand for defendant to seek a reduced probation term].)

4

B. <u>Hearing on Ability to Pay</u>

Swaney contends the court's decision not to hold a hearing on his ability to pay the restitution fine, court operations assessment, and criminal conviction assessment violated his due process and equal protection rights and his right against excessive fines under the United States and California constitutions. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 93–98, review granted Nov. 13, 2019, S257844 (*Kopp*); *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1172–1173 (*Dueñas*); U.S. Const., Eighth & Fourteenth Amends.; Cal. Const., art. I, §§ 7, subd. (a), 15, 17.)

1. <u>Waiver</u>

Swaney did not object to the fines and fees at the sentencing hearing. However, when the probation department recommended that he pay for an alcohol and drug assessment and program at his expense, he protested that he lacked the funds, bringing the issue of his financial condition to the trial court's attention. Swaney contends this suffices as an objection to the imposition of fines and fees without an ability-to-pay hearing, or it at least shows that such an objection would have been futile. (Citing *People v. Wilson* (2008) 44 Cal.4th 758, 793.) Further, Swaney notes, he brought the ability-to-pay issue to the trial court's attention in his section 1237.2 letter. Respondent does not contend that Swaney forfeited his right to challenge the fines and fees on this basis. We will proceed to the merits.

2. <u>Law</u>

The court operations assessment (§ 1465.8) and court facilities assessment (Govt. Code, § 70373) have been deemed mandatory, in the sense that neither statute contains a provision authorizing courts to waive the assessments based on a defendant's inability to pay them. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.) As to the section 1202.4 restitution fine, a

5

defendant's inability to pay is not stated as a ground for waiving the minimum fine, but it "may" be considered, along with other factors, in imposing a fine above the $300 statutory minimum. (§ 1202.4, subd. (c), (d).)

Applying a due process analysis, the court in *Dueñas, supra,* 30 Cal.App.5th 1157 nonetheless ruled that a trial court must ascertain the defendant's present ability to pay at a hearing before imposing court facilities and court operations assessments. (*Id.* at p. 1164.) The court further held that the execution of the restitution fine under section 1202.4 must be stayed until the People demonstrate the defendant's ability to pay it. (*Id.* at p. 1172.)[3]

Numerous courts have disagreed with *Dueñas.* (E.g., *People v. Petri* (2020) 45 Cal.App.5th 82, 90.) Some courts have limited and distinguished *Dueñas* on the ground that it pertained to extreme circumstances. (E.g., *People v. Caceres* (2019) 39 Cal.App.5th 917, 928 [*Dueñas* rule inapplicable where offense was not a crime driven by poverty or likely to contribute to that poverty such that an offender is trapped in a cycle of repeated violations and escalating debt].)

Other courts have stated that the proper analysis is not under the due process clause, but under the excessive fines clause of the Eighth

---

[3] Swaney relies on *Dueñas* to argue that the absence of an ability to pay hearing also violates equal protection principles. He asks us to take judicial notice of respondent's brief in the pending California Supreme Court proceedings in *Kopp,* in which the People purportedly conceded that uniform imposition of "user fees"—that is, criminal conviction assessments and court operations fees—violate equal protection and that defendants should receive an ability to pay hearing. We deferred ruling on the request for judicial notice pending our consideration of the merits, and we now deny it: the material was not before the trial court when the court decided the matter, respondent's brief in another case has no precedential value, and respondent does not contest the propriety of a hearing in this case.

Amendment. (E.g., *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069–1071; *Kopp, supra,* 38 Cal.App.5th at pp. 96–97.) Swaney urges that, even under an excessive fines analysis, a defendant remains entitled to make a complete record as to his ability to pay. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 48, review granted June 17, 2020, S261952.)

The issue of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments is pending before the California Supreme Court. (See *Kopp, supra,* 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

### 3. Application

The trial court had evidence of Swaney's impoverished circumstances, which were noted in the probation officer's report and the court's response to his section 1237.2 letter. According to the report, he was "transient," had been unemployed for the past five years, had no income or assets except for Cal-Fresh aid, struggled with substance abuse, and relied on Medi-Cal to cover health issues including Hepatitis C and mental health problems. In addition, he was represented by appointed counsel, which gives rise to a "presumption of indigence for most purposes." (*People v. Santos* (2019) 38 Cal.App.5th 923, 933.)

Swaney argues that the court's response to the section 1237.2 letter suggests the court mistakenly believed it could not strike or stay the fines and fees because they were mandatory, when in fact it could have done so under *Dueñas* and should have held an ability-to-pay hearing. He urges us to either order the assessments stricken and the restitution fine stayed or, alternatively, remand for an ability-to-pay hearing. Respondent agrees that the matter should be remanded for Swaney to request such a hearing.

7

Given the parties' agreement, the record of Swaney's financial conditions, and the fact that the matter must be remanded to the trial court anyway for adjustment of the probationary period, we accept respondent's stipulation and will order the trial court to hold a hearing on Swaney's ability to pay.

## III.  DISPOSITION

The judgment is reversed as to the imposition of a three-year probationary period.  The order denying Swaney's request for an ability-to-pay hearing is vacated.  The matter is remanded for the trial court to resentence Swaney and to hold an ability-to-pay hearing as to the imposed fines and fees, consistent with this opinion.  In all other respects, the judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*People v. Swaney* / A160563

9