Filed 7/6/23  P. v. Aguilar CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PRISCILLA N. AGUILAR,<br><br>    Defendant and Appellant. | A167229<br><br><br>(Mendocino County<br>Super. Ct. No. 22CR00352) |

Priscilla N. Aguilar appeals from the trial court's order revoking her probation and executing her previously imposed prison sentence after she admitted violating conditions of her probation.  Aguilar's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Our independent review of the record reveals no arguable issues that would result in a disposition more favorable to Aguilar, and we affirm the judgment with one modification.

### BACKGROUND

In February 2022, Aguilar set another person's car on fire. After Aguilar was charged via information, she entered a plea agreement, under which she pled no contest to one count of property arson (Pen. Code, § 451, subd. (d))[1] and admitted a special allegation that the offense was committed during (and within an area under) a declared state of emergency (§ 454,

---

[1] Undesignated statutory references are to the Penal Code.

1

subds. (a)(2), (b)).  In exchange, Aguilar was to be granted probation at the outset, understanding that she would serve a stipulated five-year (middle term) prison sentence should she violate probation.[2]

Pursuant to the negotiated disposition, the trial court imposed the stipulated five-year prison sentence, suspended execution of that sentence, and placed Aguilar on two years' formal probation.  Her probation conditions included a 180-day jail term (with three days' credit for time served); registration as an arson offender (§ 457.1, subd. (b)(2)); completion of 50 hours of community service; substance abuse and mental health evaluation and treatment; a prohibition on possessing or using narcotics or "restricted drugs" without a prescription; and a prohibition on possessing incendiary devices (outside of her kitchen).

The trial court ordered Aguilar to pay $1,673.69 in restitution to the Ukiah Valley Fire Authority.  It also imposed a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)) and imposed (but stayed before revocation) a probation revocation fine (id., § 1202.44) in the same amount.  Without any objection that Aguilar lacked the ability to pay, the trial court imposed, but "permanently stay[ed]," both a $40 court operations assessment (id., § 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373).

Less than two months later, the district attorney filed and served a petition alleging that Aguilar had violated the conditions of her probation by ingesting Oxycodone without a prescription, possessing a lighter, and failing to update her registration as an arson offender when she moved (§ 457.1, subd. (b)).  The latter violation was separately charged as a misdemeanor in case no.

---

[2] Aguilar explicitly stipulated that this was not a mitigated case.

22CR03462. The trial court summarily revoked her probation. At a hearing at which she was represented by counsel, Aguilar waived her constitutional rights and plead no contest to the new misdemeanor charged in case no. 22CR03462. She also admitted the alleged probation violations in the instant matter.

With respect to the instant case (no. 22CR00352), the trial court denied Aguilar's request to reinstate probation and ordered execution of the previously imposed prison sentence. The court cited the nature of her violations and her previous admission of the special allegation, which made her presumptively ineligible for probation (§ 451, subd. (c)).

Aguilar was awarded 113 total custody credits—57 actual days plus 56 conduct credits (§ 4019). The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and ordered due the previously stayed $300 probation revocation fine (§ 1202.44). The court also imposed and suspended a $300 parole revocation fine (§ 1202.45).

## DISCUSSION

Aguilar's appointed appellate counsel advised Aguilar of her right to file a supplemental brief to bring to this court's attention any issue she believes deserves review. More than 30 days elapsed, and Aguilar filed no such brief.

We have undertaken an examination of the entire record and found no arguable error that would result in a disposition more favorable to Aguilar. However, we modify the judgment in one respect. The trial court lacked authority to stay the assessments mandated by Penal Code section 1465.8 and Government Code section 70373, or to otherwise decline to impose them as merely "recommended." Accordingly, its order staying the assessments created an unauthorized sentence that we may correct at any time despite the People's failure to raise

3

the issue below.  (See *In re G.C.* (2020) 8 Cal.5th 1119, 1129-1130; *People v. Woods* (2010) 191 Cal.App.4th 269, 271-273.)

## DISPOSITION

The judgment is modified to lift the stay on the $40 court operations assessment and the $30 court facilities assessment. As so modified, the judgment is affirmed.  The trial court is directed to enter an amended abstract of judgment and forward a certified copy of the same to the Department of Corrections and Rehabilitation.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

SIMONS, J.

A167229