Filed 2/6/24  P. v. Johnson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JILLIAN ROSE KAE JOHNSON,<br><br>    Defendant and Appellant. | D081705<br><br><br>(Super. Ct. No. SCD287154) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed as modified and remanded with directions.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Jillian Rose Kae Johnson abused a position of trust as a caregiver at a retirement facility to steal jewelry, money, and credit cards from elderly patients suffering from dementia.  As a result, a jury convicted Johnson of first- and second-degree burglary, illegal use of personal identifying information, and elder financial abuse against two victims.  On appeal Johnson does not challenge her conviction but asserts the trial court erred in imposing a term of three years of probation, rather than the two-year probation term applicable to her convictions under changes to Penal Code[1] section 1203.1 effectuated by Assembly Bill No. 1950 (Assem. Bill 1950).  The Attorney General concedes the trial court exceeded its authority under Assembly Bill 1950 and agrees the probation term must be reduced to two years.

Johnson also argues that the fines and fees contained in the trial court's order granting formal probation were never actually imposed because the reporter's transcript does not reflect that the court discussed them at the oral pronouncement of judgment.  Johnson asks this court to strike the fines and fees from the judgment of conviction.  The Attorney General responds that because there is ambiguity in the fines and fees imposed by the trial court, we should remand the case to allow the court to clarify the fines and fees imposed and their legal bases through its oral pronouncement on the record.

We agree with the parties that the probation term must be reduced to two years.  We reject Johnson's assertion that the fines, fees, and assessments should be stricken and conclude that the trial court should be provided an opportunity to resolve the ambiguity.  Accordingly, we affirm the judgment of conviction granting probation as modified and remand the

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

2

matter to the trial court for resentencing limited to the imposition of the fines, fees, and assessments.

## FACTUAL AND PROCEDURAL BACKGROUND

Johnson worked as a nursing assistant at the Vi at La Jolla Village retirement community, which provides assisted living and memory care to some of its residents. As a staff member, Johnson was issued an individualized key fob that gave her access to the residents' rooms.

One of Johnson's victims was 76-year-old Elisabeth K., who suffered from dementia and required daily assistance. Elisabeth's daughter was involved in overseeing her mother's day-to-day wellbeing and care at the Vi. Elisabeth's daughter and son provided Elisabeth with cash for groceries, and Elisabeth had access to a Wells Fargo debit card and a Chase credit card. Elisabeth also kept cash and jewelry, including a golden Hawaiian heirloom bracelet, in her dresser drawers.

On March 17, 2020, there was a small microwave fire in Elisabeth's personal apartment, causing the apartment's smoke alarms to sound. She was relocated to another room until the smoke damage was repaired, and returned to her apartment on April 4. On March 31, 2020, Elisabeth's daughter received a fraudulent charge alert for Elisabeth's Wells Fargo card, and later found unauthorized charges on both the Wells Fargo and Chase cards. Both cards were missing from the apartment, along with Elisabeth's wallet and some jewelry.

A records check by the Vi's administrators revealed that during the period in which Elisabeth was relocated to another room, Johnson used her key fob to enter the smoke-damaged apartment and remain inside for several minutes. Johnson had no reason to be inside the apartment at that time.

Johnson's accomplice, Kiara Easley, was seen using Elisabeth's credit card on surveillance footage at a Walmart. In a recorded interview with police, Easley confirmed that Johnson gave her the card to use and drove her to the store. Easley also told police that Johnson had Easley pawn items she had stolen from her workplace under a fake name. She told detectives that Johnson had pawned a lot of jewelry as well as "bags and bags and bags of real gold." Pawn shop records confirmed that Johnson had pawned 39 items at five different pawn shops early in 2020.

Further investigation tied Johnson to additional thefts. A second victim, Annette G., was 89 years old and also suffered from dementia. Annette lived in one of the Vi's memory care apartments. Her jewelry was reported missing on January 13, 2020, a time at which Johnson had access to Annette's apartment and had provided her care. Annette's poor health prevented police from interviewing her, but her daily caretaker identified jewelry, including a ring and earrings, that Johnson pawned and provided police with pictures matching the items received by the pawn shop. Johnson's identity as the seller of the items was confirmed by the pawn shop's records containing her driver's license.

Johnson was eventually arrested for the crimes and charged with first-degree burglary of an inhabited dwelling (§§ 459, 460, subd. (a); count 1) along with an elder victim enhancement (§ 667.9, subd. (a)); burglary with intent to commit theft (§ 459; count 2); willfully obtaining personal identifying information of another for an unlawful purpose (§ 530.5, subd. (a); count 3); elder financial abuse by a caretaker of victim Elisabeth K. (§§ 368, subd. (e), 530.5; count 7); and elder financial abuse by a caretaker of victim

4

Annette G. (§§ 368, subd. (e), 530.5; count 8).[2]  After trial, the jury convicted Johnson of all counts and found true the elder victim enhancement allegation.

At the sentencing hearing, the court granted probation for a term of three years with various terms and conditions, including a custodial sentence of 365 days in county jail.  The court ordered victim restitution of $5,272.18, as recommended by the probation report, but did not explicitly refer to any additional fines, fees, or assessments.  The minute order from the sentencing hearing, however, directs payment of the fines and fees recommended in the probation report: a $200 court operations assessment under section 1465.8, a $150 criminal conviction assessment under Government Code section 70373, a $300 restitution fine under section 1202.4, a $300 suspended probation revocation fine under section 1202.44, and the victim restitution of $5,272.18. With respect to a penalty assessment and state surcharge under sections 1202.4, subdivision (a)(2), 1464, and 1465.7 that—like all the other fines, fees, and assessments—was recommended by the probation report, the order notes a fine of $820, but the box next to the amount is not checked.  The order granting formal probation issued the day of the hearing, February 8, 2023, contains all of the same amounts, and the box next to the $820 fee is checked.  A corrected order issued March 14, 2023 also shows the same.

Johnson filed a timely notice of appeal from the judgment of conviction.

DISCUSSION

I

Johnson first asserts that the trial court's imposition of a three-year term of probation constitutes an unauthorized sentence.  The Attorney

---

2    Counts 4, 5, and 6 were brought only against Easley, who was charged as Johnson's co-defendant and is not a party to this appeal.

5

General concedes this error. As discussed, the trial court imposed three years of probation with various terms and conditions, including that Johnson waive the conduct credits she earned under section 4019 and that she serve 365 days in the county jail. During the sentencing hearing, the court questioned counsel about his authority to impose a two- or three-year probation period, and the prosecutor stated that a two-year term was the proper period. Despite this recommendation, the court ordered "three years' formal felony probation."

As the parties assert, Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the maximum term of probation for most felony offenses to two years, and most misdemeanors offenses to one year. (Stats. 2020, ch. 328, §§ 1–2.) Section 1203.1, subdivision (a) now states that the trial court, "in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." This two year limit applies to every felony except violent felony offenses (§ 667.5, subd. (c)); felonies with specified statutory probation lengths, such as driving under the influence (Veh. Code, § 23600, subd. (b)(1)) and domestic violence offenses (§ 1203.097, subd. (a)(1)); or certain white collar crimes in which the value of the stolen property exceeds $25,000 (§§ 487, subd. (b)(3), 503, 532a). (§ 1203.1, subd. (*l*).)

No exception to the two-year limit applies in this case. Thus the court ordered a probation period that exceeded that authorized by law and Johnson's sentence must be modified from three years to two years to comply with the requirements of section 1203.1, subdivision (a). (See *People v. Prudholme* (2023) 14 Cal.5th 961, 980 [modifying judgment on appeal "to reduce the length of probation to two years"]; cf. *In re Sheena K.* (2007) 40

Cal.4th 875, 888–892 [appellate court may address pure questions of law involving unauthorized sentence].)

## II

Johnson next asserts that the fines and fees contained in the order granting formal probation, except the victim restitution, must be stricken because the court did not impose them as part of the oral pronouncement of judgment on the record during the sentencing hearing. The Attorney General concedes the court "did not include any explicit statements regarding the fines and fees detailed in the order granting probation," except the victim restitution. However, he asserts that the appropriate remedy is to remand for a limited resentencing to allow the trial court to resolve the discrepancies between the oral proceedings and the formal order.

"The oral imposition of sentence constitutes the judgment in an action, and the minutes cannot add anything substantive to the oral pronouncement. [Citations.] Generally, the oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court. [Citation.] 'The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment. [Citation.] ... [T]he clerk's minutes must accurately reflect what occurred at the [sentencing] hearing.' [Citation.] If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment." (*People v. El* (2021) 65 Cal.App.5th 963, 967 (*El*).)

However, this rule is not inflexible and where there is ambiguity in the oral pronouncement, a proper remedy is a limited remand for the trial court to clarify its imposition of the fines, fees, and assessments. (See *People v.*

*Smith* (1983) 33 Cal.3d 596, 599 [" 'whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case' "].) Here, at the sentencing hearing, the court explicitly imposed victim restitution, but was silent as to the other fines, fees, and assessments recommended by the probation department, and included in the formal probation order. However, the court stated that it was waiving the fines and fees in a separate case for which it was sentencing Johnson, arguably suggesting it intended to impose them in the present case.

Further, the fines imposed in the formal probation order, and recommended by the probation department, were mandatory. The court was required to impose a penalty assessment and state surcharge under sections 1202.4, subdivision (a)(2), 1464, and 1465.7, a restitution fine under section 1202.4, a criminal conviction assessment under Government Code section 70373, and a court operations assessment under Penal Code section 1465.8. (See e.g, *People v. Woods* (2010) 191 Cal.App.4th 269, 272– 274 [the court was required to impose a restitution fine, mandatory supervision revocation restitution fine, a criminal conviction assessment, and a court operations assessment]; § 1465.7, subd. (a) ["A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment"].) Accordingly, we will remand the matter to the trial court to delineate any fines and fees imposed, and their statutory bases.[3] (See *El, supra*, 65 Cal.App.5th at p. 967.)

---

[3]    We agree with the Attorney General that because there was ambiguity in the trial court's imposition of the fines, fees and assessments at the sentencing hearing, the District Attorney's failure to raise the issue at the sentencing hearing did not forfeit the argument for appeal.

## DISPOSITION

The judgment is affirmed as modified to reduce the length of probation to two years and the matter is remanded to the trial court for resentencing limited to the imposition of fines, fees, and assessments.

McCONNELL, P. J.

WE CONCUR:


IRION, J.


DO, J.

9