Filed 8/27/25  P. v. Tarin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083649 |
| v. | (Super. Ct. No. SWF2200753) |
| JOSE TARIN, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Affirmed in part with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley, and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Jose Tarin, Jr., was convicted of committing 10 sex offenses against a minor. He argues (1) the trial court improperly denied his motion for a mistrial, (2) insufficient evidence supports four of his convictions, and (3) the trial court improperly imposed a $10,000 parole revocation fine without a corresponding $10,000 restitution fine. We remand with directions to the trial court to decide whether to impose the restitution fine, but affirm the judgment in all other respects.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant moved into J.W.'s house when she was nine years old. Over the next two years, he repeatedly molested her, often multiple times per week. Defendant's molestation of J.W. included exposing himself to her, placing her hand on his penis, orally copulating her, and digitally penetrating her vagina and anus. The molestation stopped only when he moved out. J.W. did not report defendant's abuse until about four years later.

Defendant was charged and convicted of oral copulation of a nine-year-old child (Pen. Code,[1] § 288.7, subd. (b); count 1); digital penetration of the vagina of a nine-year-old child (§ 288.7, subd. (b); count 2); digital penetration of the anus of a nine-year-old child (288.7, subd. (b); count 3); oral copulation of a 10-year-old child (§ 288.7, subd.

---

[1] All further statutory references are to the Penal Code.

2

(b); count 4); digital penetration of the vagina of a 10-year-old child (§ 288.7, subd. (b); count 5); digital penetration of the anus of a 10-year-old child (§ 288.7, subd. (b); count 6); committing a lewd act by means of force, fear, or duress on a child under the age of 14 (§ 288, subd. (b)(1); counts 7 & 8); oral copulation of an 11-year-old child by means of force, violence, duress, menace, and fear (§ 269, subd. (a)(4), 288a; count 9); and digital penetration of the vagina of an 11-year-old child by means of force, fear, duress, and threat (§§ 269, subd. (a)(5), 289, subd. (a); count 10)  The trial court sentenced defendant to 120 years to life, plus 16 years.

## III.

## MISTRIAL MOTION

The trial court granted defendant's pretrial motion to exclude any evidence at trial that he was required to register as a sex offender.  On redirect examination, the prosecutor asked J.W. if she was concerned that defendant lived near a school, and she said, "Yes." The prosecutor asked her why, and she replied, "Because you shouldn't—you're not allowed to do that if you're on a registry."

Defense counsel objected and moved to strike J.W.'s answer as nonresponsive. After an unreported sidebar, the trial court sustained defendant's objection and instructed the jury to disregard J.W.'s answer.  The prosecutor then asked J.W. if she recalled saying during her forensic interview that one of the reasons she reported defendant's abuse was because she was concerned he had "access to kids."  J.W. answered, "That was the reason, yes."

3

After J.W. finished testifying, defendant moved for a mistrial based on her testimony that defendant was "on a registry," meaning he was a registered sex offender. The prosecutor explained that she asked J.W. on redirect why J.W. was concerned that defendant lived near a school because defense counsel asked J.W. on cross-examination if she knew defendant lived near a school when she reported his abuse, and the prosecutor wanted to clarify J.W.'s testimony on the issue.

The trial court denied defendant's motion for a mistrial. The court reasoned that the issue of why and when J.W. reported defendant's abuse was "critical," and the issue had come up during cross-examination. The court also noted that J.W. had only "allud[ed]" to defendant being on a registry before the court sustained an objection, held a sidebar, and struck J.W.'s testimony. The court offered, and the parties initially agreed, to put a stipulation on the record that defendant was not required to register as a sex offender. Defense counsel later decided against it.

The trial court "should grant a mistrial only when a party's chances of receiving a fair trial have been irreparably damaged." (*People v. Bolden* (2002) 29 Cal.4th 515, 555.) "In reviewing rulings on motions for mistrial, we apply the deferential abuse of discretion standard. [Citation.] 'A mistrial should be granted if the court is apprised of prejudice that it judges incurable by admonition or instruction. [Citation.] Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions. [Citation.]'" (*People v. Wallace* (2008) 44 Cal.4th 1032, 1068.)

When the trial court instructs the jury to disregard improper testimony, we review the trial court's reliance on a curative instruction instead of declaring a mistrial for an abuse of discretion. (*People v. Navarrete* (2010) 181 Cal.App.4th 828, 834.) An admonition is insufficient only in "exceptional circumstances." (*People v. Allen* (1978) 77 Cal.App.3d 924, 935.)

The trial court did not abuse its "considerable discretion" by finding that J.W.'s improper testimony that defendant was "on a registry" did not amount to "exceptional circumstances" that warranted a mistrial. To begin with, the prosecutor's question that elicited the testimony was proper. The issue of why J.W. waited about four years to report defendant's abuse came up during defendant's cross-examination of J.W., so the prosecutor was entitled to explore the issue on redirect, including by asking whether J.W. was motivated to report the abuse because she knew defendant lived near a school.

In any event, the trial court immediately sustained an objection to J.W.'s improper testimony, struck the testimony, and instructed the jury not to consider any stricken testimony. We presume the jury followed that instruction. (*People v. Avila* (2006) 38 Cal.4th 491, 574.) And we conclude the court reasonably found that its swift, direct response to J.W.'s testimony was sufficient to cure the error. (See *People v. Harris* (1994) 22 Cal.App.4th 1575, 1581 ["whether the error can be cured by striking the testimony and admonishing the jury rests in the sound discretion of the trial court"]; *People v. Cox* (2003) 30 Cal.4th 916, 953-954 [court did not abuse discretion by denying

5

mistrial motion after prosecutor erroneously offered polygraph evidence given that court immediately struck prosecutor's question and admonished jury].)

## III.

## COUNTS 7 THROUGH 10

Defendant contends there was not substantial evidence that he used force, violence, duress, menace, or fear to commit counts 7 through 10. We disagree.

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Thus, "[i]f the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.'" (*People v. Thomas* (1992) 2 Cal.4th 489, 514.) We may reverse a conviction for a lack of substantial

evidence only if it appears ""that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]."" (*People v. Cravens* (2012) 53 Cal.4th 500, 508.)

J.W.'s testimony alone provided substantial evidence for the jury to find that defendant committed counts 7 through 10 by means of force and/or fear and duress.

Counts 7 and 8 were for committing a lewd act by means of force, fear, or duress on a child under the age of 14. Counts 9 and 10 were respectively for orally copulating and digitally penetrating an 11-year-old child by means of force, fear, or duress.

J.W. testified that defendant placed her hand on his penis. This was a sufficient use of force to support defendant's conviction on count 7. (See *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1005.) J.W.'s testimony that defendant threatened to kill her dog if she reported his abuse (which continued thereafter), grabbed her legs when she tried to get away, and moved her clothing aside provided substantial evidence for the jury to find defendant guilty on count 8. (See *People v. Garcia* (2016) 247 Cal.App.4th 1013, 1023-1024; *People v. Soto* (2011) 51 Cal.4th 229, 243.) The same evidence was likewise sufficient for the jury to convict defendant on counts 9 and 10. This is particularly true given that J.W. testified she was afraid of defendant because of his threats to her dog and because he was bigger than her.

## III.

## RESTITUTION FINE

As part of defendant's sentence, the trial court imposed and stayed a $10,000 restitution (§ 1202.4) and imposed a $10,000 parole revocation fine (§ 1202.45, subd. (c)), which was suspended unless defendant's parole was revoked. The abstract of judgment states, however, that the court imposed only a $10,000 parole revocation fine and no corresponding restitution fine. Defendant contends the court erred because the parole revocation fine cannot be imposed without a corresponding restitution fine.

As the People correctly note, however, the trial court improperly imposed *but stayed* the restitution fine. The trial court had no authority to stay the fine; the court either had to impose it or not impose it. And the court may only refuse to impose the fine if it finds "compelling and extraordinary reasons" not to do so (see § 1202.4, subd. (b)). The court did not make that finding, so it had to impose a restitution fine and had no authority to stay it. (See *People v. Woods* (2010) 191 Cal.App.4th 269, 272.)

We therefore remand to allow the trial court to decide whether there were extraordinary and compelling reasons not to impose the restitution fine. If the court does not so find, then the court is directed to vacate its stay of the restitution fine and impose the fine. (See *People v. Woods*, *supra*, 191 Cal.App.4th at p. 274.)

## IV.

## DISPOSITION

The matter is remanded for the trial court to determine whether to impose the restitution fine.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.