Filed 10/31/22 P. v. Rojas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C095042 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR002739) |
| v. | |
| KAREN MARIE ROJAS, | |
| Defendant and Appellant. | |

Defendant Karen Marie Rojas pleaded guilty to vehicular manslaughter. On appeal, she relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 to contend the trial court's order imposing various fees, fines, and assessments lacked substantial evidence and violated her constitutional rights to due process and equal protection and to be free from excessive fines. We conclude defendant forfeited her *Dueñas* claim by failing to raise an ability to pay objection at the sentencing hearing. Accordingly, we affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2017, defendant drove her car the wrong direction on a freeway and crashed into another car; the driver of the other car later died from injuries sustained in the crash. Defendant pleaded guilty to gross vehicular manslaughter. (Pen. Code, § 192, subd. (c)(1).)[1] On October 7, 2021, the trial court placed defendant on two years' probation with 365 days in jail. The court also imposed a $600 restitution fine (§ 1202.4), a $600 stayed probation revocation fine (§ 1202.44), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). Defendant timely appealed; the case was fully briefed on August 29, 2022, and assigned to this panel on September 5, 2022. The parties waived argument and the case was deemed submitted on October 28, 2022.

On February 28, 2022, while this appeal was pending, defendant's appellate counsel filed a request under section 1237.2 to stay the fines and fees imposed pending an ability to pay hearing. After holding a hearing, the trial court declined to stay or alter the fines and fees.

DISCUSSION

Defendant challenges the imposition of the fines and fees. First, she argues "it is fundamentally unfair to impose the Government Code section 70373 and Penal Code section 1465.8 assessments where substantial evidence does not support that appellant has the ability to pay." Second, she argues imposition of the section 1202.4 fine violated her rights to due process and equal protection as well as the Eighth Amendment prohibition against excessive fines. We find defendant forfeited her *Dueñas* claim by failing to raise it at any point during the sentencing hearing.

---

[1] Undesignated statutory references are to the Penal Code.

2

A defendant generally forfeits a claim not first raised with the trial court, even if the claim is constitutional in nature. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) This forfeiture rule applies to claims relating to the imposition of assessments, fines, and fees imposed at sentencing as well. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624; see *People v. Trujillo* (2015) 60 Cal.4th 850, 856 ["claims of error in the trial court's exercise of its sentencing discretion are . . . forfeited if not raised at the sentencing hearing"]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [the defendant forfeited his claim that the trial court erred in imposing a victim restitution fine by failing to object at his sentencing hearing].)

The two assessments defendant challenges for substantial evidence are mandatory fees. (§ 1465.8 ["an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense"]; Gov. Code, § 70373 ["an assessment shall be imposed on every conviction for a criminal offense"]; *People v. Woods* (2010) 191 Cal.App.4th 269, 272 ["the facilities assessment, restitution fine and court security fee are mandatory"].) The appellate court in *Dueñas* found otherwise, and defendant relies on *Dueñas* to assert an ability to pay must be determined prior to imposition of these fees. (See *People v. Dueñas, supra*, 30 Cal.App.5th at 1168 ["the assessment provisions of Government Code section 70373 and Penal Code section 1465.8, if imposed without a determination that the defendant is able to pay, are thus fundamentally unfair"].) But defendant's sentencing hearing took place on October 7, 2021, over 32 months after the issuance of the *Dueñas* decision on January 8, 2019.

Defendant's trial counsel did not object at any point during the sentencing hearing to the assessments, which the trial court is statutorily mandated to impose absent any decision it may make to follow the *Dueñas* court and grant defendant an ability to pay hearing. Defendant's failure to object to these assessments at sentencing and ask the trial court to consider *Dueñas* and determine her ability to pay forfeited her *Dueñas* argument by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331,

3

351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

Defendant did submit a section 1237.2 request to the trial court making substantially similar arguments, but this does not excuse her forfeiture. In order to preserve a claim on appeal under section 1237.2, a defendant must either "first present[] the claim in the trial court at sentencing" or first make a motion for correction in the trial court in the event "the error is not discovered until after sentencing." In other words, section 1237.2 only permits defendants to preserve an otherwise forfeited claim (by first objecting to fines and assessments *after* sentencing) where they were unaware of the error at the time of sentencing. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1087 [§ 1237.2 allows the trial court to retain jurisdiction while an appeal is pending so a defendant who belatedly discovers an erroneous fine does not forfeit their claim on appeal].)

Here, defendant's request was made while this appeal was pending and after her sentencing hearing. Counsel is presumed to know the applicable law; any alleged error in the imposition of the disputed monetary amounts at sentencing was in no way undiscovered until after defendant's sentencing. (See *People v. Barrett* (2012) 54 Cal.4th 1081, 1105 [counsel is presumed to know applicable law].) Because defendant fails to demonstrate (or even attempt to argue) that she was unaware of the alleged error at the time of sentencing, the request to the trial court is insufficient to preserve defendant's *Dueñas* claim on appeal. And, importantly, defendant's argument on appeal is that insufficient evidence supported an ability to pay the assessments challenges the trial court's refusal to modify the fees at the section 1237.2 hearing, *not at the sentencing hearing*, where defendant failed to request an ability to pay hearing or otherwise challenge the validity of the fees.

Defendant's claims are also forfeited as to the restitution fine because the trial court imposed a $600 restitution fine, double the statutory minimum of $300. (§ 1202.4,

4

subd. (b)(1).) Defendant had an additional opportunity to object to the restitution fine based on an inability to pay because the statute authorizing the fine expressly permitted such a challenge. (See § 1202.4, subds. (b)(1), (c) [defendant's inability to pay may be considered in increasing the restitution fine above the $300 statutory minimum], *id.*, subd. (d) [defendant bears the burden of demonstrating his or her inability to pay a restitution fine in excess of the statutory minimum].) Defendant's failure to preserve her claim as to the restitution fine results in forfeiture of this claim and also provides an additional basis to find forfeiture of the assessments imposed under section 1465.8, subdivision (a)(1) and Government Code section 70373. (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 [given the defendant's failure to object to $10,000 restitution fine based on inability to pay, the defendant failed to show a basis to vacate substantially smaller assessments]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1034 [accord].)

## DISPOSITION

The judgment is affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Hoch, J.

_____/s/_____
Renner, J.

5