Filed 11/21/23  P. v. Harris CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097464 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE017252) |
| v. | |
| LAMONT HARRIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lamont Harris asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal, pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We will remand the case for the trial court to impose a mandatory fine and mandatory assessments and for any further proceedings regarding their imposition.  We will otherwise affirm the judgment.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

Defendant pleaded no contest, pursuant to a negotiated plea agreement, to assault with a firearm (Pen. Code, § 245, subd. (a)(2); statutory section citations that follow are found in the Penal Code unless otherwise stated) and admitted personally inflicting great bodily injury (§ 12022.7, subd. (a)) and personally using a firearm (§ 12022.5, subds. (a), (d)) in committing the assault. The prosecution dismissed the remaining charges and allegations that were brought against defendant. Defendant waived his right to be referred to a probation officer for a report on his prior history and record and requested he be sentenced immediately. The trial court sentenced defendant to 10 years in state prison, in accordance with the plea agreement.

The trial court ordered defendant to pay restitution to the victim in an amount to be determined and imposed a $300 restitution fine. Without imposing any other fees, the court then stated: "I will stay all other fines and fees as you are indigent." Though the trial court only imposed the $300 restitution fine, the abstract of judgment inaccurately indicates the court also imposed a $300 parole revocation restitution fine, a $40 court operations assessment, and a $30 conviction assessment. Defendant timely appealed from the judgment and requested a certificate of probable cause to challenge the validity of his plea. The trial court denied the request.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within

2

30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having reviewed the record, we find no arguable error that would result in a disposition more favorable to defendant.

However, in our review of the record, we note that the trial court did not impose a parole revocation restitution fine (§ 1202.45), a court operations assessment (§ 1465.8), or a conviction assessment (Gov. Code, § 70373). This fine and these assessments are mandatory. (*People v. Smith* (2001) 24 Cal.4th 849, 853; *People v. Woods* (2010) 191 Cal.App.4th 269, 272.) Failure to impose a mandatory fine or assessment is correctable on appeal, even in the absence of an objection by the prosecution. (*Smith*, at pp. 853-854; *Woods,* at pp. 272-273.)

Although there is no statutory authority for trial courts to stay the parole revocation fine or the two assessments (*People v. Woods, supra*, 191 Cal.App.4th at p. 272), the trial court may have intended to make a discretionary choice to impose and stay these amounts "unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay" them, following *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164-1169. (See also *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-96, review granted Nov. 13, 2019, S257844 [holding defendant bears burden of proving ability to pay].) Even if we were to follow *Dueñas*, however, we could not consider this sentence authorized because the trial court failed to impose the mandatory fine and assessments before purporting to stay them. The trial court clerk's unauthorized correction of these errors in the abstract of judgment is unavailing because " '[r]endition of judgment is an oral pronouncement' " and the abstract "cannot add to or modify the judgment which it purports to digest or summarize." (*People v. Mesa* (1975) 14 Cal.3d 466, 471; see §§ 1213, 1213.5.)

"When an unlawful sentencing decision is made . . ., the proper course of action is to allow the trial court to lawfully exercise its discretion and impose a lawful sentence." (*People v. Woods*, *supra*, 191 Cal.App.4th at p. 273.)


DISPOSITION

The case is remanded with instructions to impose the: (1) parole revocation restitution fine pursuant to section 1202.45; (2) court operations assessment pursuant to section 1465.8; and (3) conviction assessment pursuant to Government Code section 70373 and for any further proceedings regarding the imposition of this fine and these assessments. If this results in any incongruence with the abstract of judgment, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


_____

HULL, J.



We concur:



_____

EARL, P. J.




_____

ROBIE, J.


4