Filed 6/21/24  P. v. Strong CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERRICK STRONG,<br><br>    Defendant and Appellant. | A168603<br><br>(San Mateo County<br>Super. Ct. No. 18-SF-011200-A) |

Defendant Derrick Strong was convicted of first degree burglary following a jury trial.  This is his second appeal of this conviction.  In his first appeal, we agreed with Strong that remand was required because a change in law made him ineligible for a sentence enhancement that was imposed for a prior prison term.  In all other respects, we affirmed the judgment.  (*People v. Strong* (Dec. 29, 2022, A157060) [nonpub. opn.].)

Now, Strong appeals arguing that the resentencing court was unaware of its discretion under an amendment to Penal Code section 1385 that allowed it to strike the five-year enhancement imposed due to his prior commission of a serious felony because that conviction was over five years old.  We affirm the judgment.  It is clear from the record that Strong did not suffer prejudice due to any possible error under section 1385.  However, we remand with directions to correct the abstract of judgment as requested by both parties.

# I. BACKGROUND

"The San Mateo County District Attorney charged defendant by information with first degree burglary of an occupied dwelling (Pen. Code,[1] §§ 460, subd. (a), 667.5, subd. (c); count 1). The information further alleged defendant had a prior strike (§ 1170.12, subd. (c)(1)), three serious felony priors (§ 667, subd. (a)(1)), and a prison prior (§ 667.5, subd. (a)).

"At trial, defendant testified he found the homeowners' keys in their apartment door and went inside to investigate. He admitted entering the apartment multiple times and taking several items. The homeowners woke up to discover defendant in their apartment and called 911. Defendant told the homeowners he found their cell phone and wallet downstairs, took them out of his pocket, and returned them. Defendant then left the apartment at the request of one of the homeowners. Police located defendant nearby and recovered the homeowners' keys from his pocket.

"The jury found defendant guilty on count 1 and found the occupied dwelling enhancement allegation true. The trial court subsequently found all of the prior conviction allegations true.

"Prior to sentencing, defendant filed a motion requesting the trial court to exercise its discretion under section 1385, subdivision (a) and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to dismiss his prior strike conviction. Defendant primarily argued he was calm and nonviolent during [the] residential burglary, and he returned the property at the request of the homeowners. He further noted he would participate in drug treatment and had strong family support.

"The court denied this request, noting defendant was 'minimizing the nature of this offense.' The trial court then sentenced defendant to a total of

---

[1] All further statutory references are to the Penal Code.

13 years, calculated by the middle term of four years, doubled for the prior strike, plus an additional five years for the serious felony prior." (*People v. Strong, supra*, A157060.)

Strong appealed. We rejected all his arguments, except for one. We concluded that Strong was correct in arguing that amendments to section 667.5, subdivision (b) that became effective after he was sentenced limited the imposition of an enhancement due to a prior term in state prison to only prior terms served for sexually violent offenses. We remanded for resentencing because the court had imposed and stayed an enhancement unrelated to sexually violent offenses under section 667.5, subdivision (b). (*People v. Strong, supra*, A157060.)

On remand, the People argued that the court should simply strike the unauthorized one-year enhancement and leave the remainder of Strong's 13-year sentence intact because he remained a danger to public safety. Strong's counsel argued for a reduction in sentence by asking the court to impose the low term of two years for the burglary, doubled due to his prior strike, plus the prior offense five-year enhancement under section 667, subdivision (a), for a total nine-year sentence. Counsel stated that while he "would like to see the Penal Code section 667[, subdivision] (a) prior struck for sentencing purposes, he [realized] that such a request [was] unlikely."

The court agreed with the prosecution and reimposed the aggregate 13-year sentence. The court observed that Strong showed no significant evidence of rehabilitation over his four years of imprisonment following this 2019 conviction. The court reasoned that given the lack of progress toward

3

rehabilitation, there was no reason to modify the aggregate sentence imposed at Strong's first sentencing.

Strong timely appealed.

## II. DISCUSSION

### A. *Strong Was Not Prejudiced by Any Alleged Failure by the Trial Court To Properly Consider Section 1385, Subdivision (c).*

It has long been held that a court may strike a prior conviction enhancement "in furtherance of justice" on the motion of a party or on its own motion. (§ 1385, subd. (a); *People v. Carmony* (2004) 33 Cal.4th 367, 375.) Strong first argues that we should reverse and remand because the court was unaware when he was resentenced that Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) had modified the court's discretion under section 1385 to strike the prior conviction enhancement. If the court's error was forfeited or considered waived for any reason, Strong says we should reverse and remand because his counsel was ineffective for failure to file a motion to strike in light of Senate Bill 81.

Senate Bill 81 became effective on January 1, 2022, approximately 18 months before the resentencing hearing. It added a new subdivision (c) to section 1385 to require courts "to consider and afford great weight" to evidence a defendant submits to show that any one of several mitigating circumstances specified in the statute are present. (§ 1385, subd. (c)(2).) Among those circumstances, and most relevant to this case, is that "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds the dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

4

Strong says the court failed to properly weigh the factors under section 1385, subdivision (c) as amended by Senate Bill 81 when it again imposed the enhancement for the prior violent offense despite the fact that his offense was more than five years old. [2] We disagree. But if, for the sake of argument, we were to conclude the court erred, Strong was not prejudiced. Finally, there was certainly no ineffective assistance of counsel.

Preliminarily, we are not convinced that, as Strong suggests, the record is silent on the issue of whether the resentencing court was aware of the amendments to section 1385. We remanded the case to the resentencing court expressly so it could conduct a full resentencing in light of changed circumstances along with striking the enhancement under section 667.5, subdivision (b). (*People v. Strong*, *supra*, A157060.) The court indicated it had reviewed the remittitur. It had been 18 months since the changes to section 1385 became effective, and the People responded by citing our resentencing mandate and requesting the court reimpose the 13-year sentence because Rogers was "a danger to public safety." (See § 1385, subd. (c)(2) ["Proof of the presence of one or more of [the enumerated] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."].) Further, defense counsel chose not to press the issue for tactical reasons at resentencing. Under such circumstances, it makes sense the court would not mention section 1385 when it reimposed sentence in this case. On a silent record, we presume the trial court was aware of the scope of its discretion. (*People v. Lee* (2017) 16 Cal.App.5th 861, 867.)

---

[2] Strong also claims that the court should have considered striking the enhancement under section 1385, subdivision (c)(2)(G) for a prior crime committed by a juvenile. Since he was 18 years old when he committed the prior offense, by its terms this subdivision does not apply.

However, even if the court was somehow unaware of section 1385, subdivision (c), we see no error under any standard. Even under section 1385 as amended by Senate Bill 81, application of the prior crime enhancement was a discretionary sentencing choice for the court. (§ 1385, subd. (c)(2).) The age of Strong's prior robbery conviction thus weighed greatly in favor of dismissing the enhancement since it was more than five years old. But the court still had the authority to impose it if "dismissal of the enhancement would endanger public safety." (*Ibid*.) That is exactly what happened here.

Strong's prior crime is a 2000 conviction for second degree robbery. He paroled from prison in May 2014, and successfully completed his parole in January 2018. He committed this first degree burglary in September 2018. When Strong was first sentenced he moved to strike the allegations related to his prior crime. (*People v. Strong*, *supra*, A157060.) The trial court denied his motion based on Strong's "lack of insight in this case and lack of acceptance [of] responsibility and lack of any remorse." In reaching this conclusion, the court deemed "a very good point" the People's argument that at the time of the instant offense, Strong "had just finished parole. He now is out on his own. He's using drugs again. He's got four strike prior convictions. And the fact that it did not cross his mind at any point that what he was doing was not only wrong but was going to get him in a whole lot of trouble is extremely concerning because the message to the people from a public safety standpoint is that it doesn't appear that anything the criminal justice system is doing is getting through to him."

Strong did not renew the *Romero* motion or oppose imposition of the section 667, subdivision (a) enhancement when he was resentenced. The resentencing court indicated that it had read the parties' pleadings, along

with the transcript from the initial sentencing. The People argued that Strong was dangerous.

The court then clearly stated its reasons for again imposing the 13-year sentence on the record. To begin with, Strong minimized the seriousness of this burglary. He also committed this offense just nine months after completing his period of parole for the prior robbery that he now says should have been stricken. Over four years of incarceration, Strong had done little to rehabilitate himself. He participated in scant prison programming, therapeutic intervention for his drug addiction, interventions designed to improve his insight into his criminality, or any formal education. The court was concerned that Strong had not yet begun to rehabilitate and would return to violent criminality if he were released without participation in such programming. This record shows that even if the Senate Bill 81 amendments to section 1385 had been put before the trial court in a motion to strike the prior crime, the court would not have exercised its discretion to strike the allegation. Thus, Strong cannot show prejudice. (See Cal. Const., art. VI, § 13 [reversible error requires a miscarriage of justice].)

Moreover, this lack of prejudice is also fatal to any claim of ineffective assistance in this context. (*In re Kerins* (2023) 89 Cal.App.5th 1084, 1110 [to establish ineffective assistance of counsel, a defendant must prove " 'counsel's representation was deficient in falling below an objective standard of reasonableness under prevailing professional norms' " *and* prejudice—i.e., " 'there is a reasonable probability that, but for counsel's failings, the result would have been more favorable' " to the defendant].) Indeed, any such claim doubly fails, as defense counsel here clearly decided as a matter of trial tactics to argue for a reduction from the middle term (four years) to the low term (two years), which doubled would have resulted in the nine years offered

by the People before trial rather than requesting the enhancement be stricken resulting in a sentence of eight years. (*Ibid.* [" 'When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions' "].)

## B.     *The Abstract of Judgment Must Be Corrected*

As both parties acknowledge, at the time of resentencing the court struck the sentence enhancement originally imposed under section 667, subdivision (b). Yet, the amended abstract of judgment still lists the enhancement as imposed and stayed. It must be corrected to show the enhancement was stricken.

When Strong was originally sentenced, the court directed that he "[p]ay a $300.00 fine with a 10 percent collection fee. That's restitution fine. $300.00 fine stayed pending the successful completion of parole. Court security fee of $40.00. Criminal assessment of $30.00." At resentencing, the trial court made no mention of fines or fees. Yet, the abstract of judgment reflects a restitution fine under section 1202.4 of $300, a suspended supervision revocation fee of $300, and lists total fines and fees of $400 including a 10 percent administrative fee imposed under section1202.4, subdivision (b). It does not mention the security fee or criminal assessment.

The court security fee, restitution fine, and criminal assessment are all mandatory. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.) The Attorney General concedes that their original imposition by the first sentencing court survives resentencing on these facts, even though the resentencing court failed to mention them. Authority for the 10 percent administrative fee, on the other hand, was repealed by the Legislature effective January 1, 2022, approximately a year and a half before Strong was resentenced. (Assem. Bill No. 177 (2021–2022 Reg. Sess.) § 2; Stats. 2021, ch. 257, § 2.) The abstract of

judgment must be corrected to properly reflect the omitted mandatory fees, and to delete the administrative charge.

The abstract should thus show a court security fee of $40 pursuant to section 1465.8, subdivision (a)(1); a criminal assessment of $30 imposed pursuant to Government Code section 70373, subdivision (a)(1); and deletion of the 10 percent administrative fee. Total fines imposed should be $370, consisting of the restitution fine of $300 already shown on the amended abstract, plus the court security fee and the criminal assessment. The abstract should also continue to reflect the suspended supervision revocation fee of $300.

Finally, upon resentencing, a defendant is to have a "new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) Moreover, because the award of sentence reduction credits for time spent in the custody of the California Department of Corrections and Rehabilitation (CDCR) is subject to CDCR rules and regulations (Cal. Const. art. 1,§ 32, subd. (a)(2).), the total time in custody should separately state how many days were in local custody and how many days were in state custody as of the filing of the new abstract of judgment. The abstract of judgment from Strong's resentencing does not reflect his time in custody up to the date of his most recent resentencing and does not separately reflect his days in state and local detention. It must be corrected.

### III.  DISPOSITION

This case is remanded for the limited purpose of correcting the abstract of judgment. The sentence enhancement imposed under section 667, subdivision (b) should be deleted as it was stricken by the court on resentencing. Fines imposed should reflect a $300 restitution fine imposed

under section 1202.4; a $40 court security fee imposed under section 1465.8, subdivision (a)(1); a $30 criminal assessment imposed under Government Code section 70373, subdivision (a)(1); and the elimination of any administrative fee. Fines imposed should total $370. The amended abstract should also show a suspended $300 supervision revocation fee imposed under section 1202.4. Finally, the abstract should be corrected to reflect the total days Strong has been in custody as of the time of resentencing. It should separately state the actual number of days in local custody (including any relevant local conduct credits) and the actual number of days in CDCR custody between his original sentencing in 2019 and his resentencing in 2023. The clerk of the superior court is ordered to forward a copy of the amended abstract of judgment to the CDCR.

The judgment is otherwise affirmed.

SIGGINS, J.*

WE CONCUR:

HUMES, P. J.

LANGHORNE WILSON, J.

A168603
*People v. Strong*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.